# Commonwealth *vs.* Ricardo Robles.

No. 98-P-1902.

Hampden. December 13, 1999. - January 27, 2000.

Present: Armstrong, Smith, & Brown, JJ.

*Constitutional Law,* Search and seizure. *Search and Seizure,* Threshold police inquiry, Automobile, Arrest, Probable cause. *Probable Cause.*

In the circumstances of police officers' lawful stop of a motor vehicle, reasonably prudent persons would have been warranted in the belief that the officers' safety was in danger; consequently, the officers were justified in ordering the defendant from the front passenger seat for the purpose of pat frisking him, and, when they found an empty holster, in searching the vehicle for the gun: the judge correctly denied the defendant's motion to suppress the gun then seized. [493-494]

Indictments found and returned in the Superior Court Department on January 4, 1996.

A pretrial motion to suppress evidence was heard by *Bertha D. Josephson,* J., and the cases were heard by *Daniel F. Toomey,* J.

*Thomas F. McGuire* for the defendant.

*Sidney E. Reavey,* Assistant District Attorney, for the Commonwealth.

Smith, J. In January, 1996, the defendant, Ricardo Robles, was indicted for unlawful possession of a firearm (third offense) and unlawful possession of ammunition. After a jury-waived trial, the defendant was found guilty of so much of the firearm indictment as charged a second offense, and guilty of possession of ammunition.

Prior to trial, the defendant filed a motion to suppress the firearm which had been seized from a vehicle in which he was a passenger. The defendant had been ordered out of the vehicle by the police after they had stopped it for a traffic violation. The defendant was pat frisked and the police discovered an

empty shoulder holster. As a result of a search of the vehicle a firearm was found near where the defendant had been sitting. The defendant thereafter fled on foot, but was subsequently arrested.

The suppression motion and accompanying affidavit, which were both drafted in general terms,[1] claimed that the stop of the vehicle, the order of the police to exit the vehicle, the frisk of the defendant, and his arrest violated both the Federal and Massachusetts Constitutions. After an evidentiary hearing, the judge denied the motion. On appeal, the defendant raises one issue — the denial of his suppression motion.

We summarize the facts as found by the motion judge after the hearing on the defendant's suppression motion, supplemented by uncontested facts. *Commonwealth* v. *Sullo*, 26 Mass. App. Ct. 766, 767 n.1 (1989).

On December 23, 1995, at approximately 8:00 P.M., a Holyoke police officer, Brian Chirgwin, observed a vehicle in which the defendant was a passenger run a stop sign at the corner of Commercial and Cabot Streets. He activated his cruiser's overhead lights and stopped the vehicle about two blocks away. As the officer approached the driver's side, he saw that four men were in the vehicle, two in the front and two in the back. The officer requested the driver's license and vehicle's registration. Upon receiving the items he noticed that the passenger in the left rear seat had his hands hidden from view and that the other passengers were moving about within the vehicle. Conscious that the location where the vehicle had stopped was a high crime area that had been the scene of several shootings, the officer instructed all of the occupants to show their hands, while he checked the driver's license and registration.

Another Holyoke police officer, Paul Kelly, then arrived to assist Chirgwin. Kelly recognized the vehicle as one he had previously seen in a location near where the police had conducted a search of a number of persons as part of an

---

[1]Counsel are reminded that Mass.R.Crim.P. 13(a)(2), 378 Mass. 871 (1979), requires that a suppression motion "shall state the grounds on which it is based and shall include in separately numbered paragraphs all reasons, defenses, or objections then available, which shall be set forth with particularity . . . . In addition, an affidavit detailing all facts relied upon in support of the motion and signed by a person with personal knowledge of the factual basis of the motion shall be attached." Here, if we look at the motion and the affidavit with an indulgent view, they barely pass the requirements set forth in the rule.

unrelated incident. He had seen the vehicle drive away from that scene with its lights off, but was unable to follow the car because he had to respond to another radio dispatch.

Kelly approached the passenger side of the vehicle. He noticed that the front seat passenger, the defendant, appeared nervous and was leaning forward, reaching between his legs to the floor. Upon observing this activity, Kelly told the defendant to keep his hands on the dashboard where Kelly could see them. The defendant replied, "I am, I am." Meanwhile, a crowd began to gather around the car. The occupants of the car spoke to members of the crowd in a language that the officers did not understand.

Kelly again noticed that the defendant was leaning forward in the same manner as before. Kelly became concerned that the defendant might have a weapon. Because of (1) the gathering crowd, (2) the conversation between the occupants and the crowd in a language which neither officer understood, (3) the officers' knowledge of prior shootings in the area, and (4) the movements of the defendant and the others in the car, both officers became concerned for their safety and decided to be certain that none of the occupants was armed while the validity of the driver's license and vehicle's registration were being checked.

Chirgwin requested the occupants to leave the vehicle one by one so they could be pat frisked at the rear of the car. The two passengers in the rear of the vehicle were the first ones frisked, and nothing was found on either. They were allowed to get back into the car. Because of Kelly's observations of the defendant's movements (leaning forward, reaching down between his legs and moving his hands from the officer's sight), he was requested to back out from his seat and walk to the rear of the vehicle. The defendant complied. Both officers frisked the defendant. Chirgwin felt something bulky under the defendant's left arm. He called Kelly's attention to it. Kelly felt it and recognized it as a shoulder holster. They opened the defendant's jacket and saw an empty shoulder holster. Kelly then went back to the vehicle and, using his flashlight, observed the butt of a handgun in the front passenger area. To warn Chirgwin, Kelly yelled "gun," at which point the defendant fled. A pursuit ensued and the defendant was apprehended in a nearby dumpster. A semi-automatic pistol was removed from the floor of the vehicle near where the defendant had been seated.

The main thrust of the defendant's argument is that the police did not have a reasonable belief that they were in danger when they ordered the defendant to leave the vehicle.

The initial stop of the vehicle was justified because Chirgwin had observed it drive through a stop sign in violation of G. L. c. 89, § 9. "Where the police have observed a traffic violation, they are warranted in stopping a vehicle." *Commonwealth* v. *Santana*, 420 Mass. 205, 207 (1995), quoting from *Commonwealth* v. *Bacon*, 381 Mass. 642, 644 (1980).

"When police are justified in stopping an automobile, they may, for their safety and the safety of the public, order the occupants to exit the automobile. . . . To determine whether the order was justified, we ask 'whether a reasonably prudent man in the policeman's position would be warranted in the belief that the safety of the police or that of other persons was in danger.' " *Commonwealth* v. *Williams*, 46 Mass. App. Ct. 181, 182-183 (1999), quoting from *Commonwealth* v. *Santana*, 420 Mass. at 212-213. *Commonwealth* v. *Vazquez*, 426 Mass. 99, 102-103 (1997). Therefore, we must consider whether a reasonable belief existed in this matter, recognizing that "[w]hile a mere hunch is not enough, see *Commonwealth* v. *Silva*, 366 Mass. 402, 406 (1974), it does not take much for a police officer to establish a reasonable basis to justify an exit order or search based on safety concerns." *Commonwealth* v. *Gonsalves*, 429 Mass. 658, 664 (1999).

Here, the officers pointed to specific and articulable facts which demonstrate the reasonableness of their action in ordering the defendant out of the car. The police were aware that there had been several shootings in the area, the defendant failed to obey Kelly's instructions to keep his hands in sight, and the occupants of the vehicle were speaking in a language that the officers did not understand to members of a crowd that had gathered. In these circumstances, reasonably prudent persons in the police officers' position would have believed that they were in danger. Therefore, the officers were justified in ordering the defendant out of the vehicle for the purpose of pat frisking him.[2]

As a result of finding the empty holster, the police had

---

[2]The defendant argues that once the police had verified the driver's license and the vehicle's registration, they had no further basis to detain the vehicle and, therefore, there was no reason to issue exit orders to the passengers. He cites *Commonwealth* v. *Torres*, 424 Mass. 153, 154-155, 157-164 (1997), and

justification for searching the vehicle for the missing gun. The discovery of the firearm and its location near where the defendant had been sitting, coupled with the defendant's flight, provided probable cause to arrest the defendant.

*Order denying defendant's motion to suppress affirmed.*

---

*Commonwealth* v. *Ellsworth*, 41 Mass. App. Ct. 554, 556-557 (1996), in support of his arguments.

Those decisions are not relevant here because the undisputed facts show that the police were not able, because of the on-going situation before them, to check the driver's license and vehicle's registration until *after* the defendant's arrest. See *Commonwealth* v. *Santana*, 420 Mass. at 213 (in the circumstances, police officer was justified in ordering driver out of vehicle before verifying license and registration).