The defendant, James McLeod, appeals from his convictions of trafficking in cocaine and heroin, G. L. c. 94C, § 32E(b ), (c ). He argues that the motion judge erred in denying his motion to suppress evidence, and that the trial judge erred in denying his motions for a required finding of not guilty. We affirm.
Background. The jury could have found the following facts. While on patrol monitoring traffic on the Massachusetts Turnpike, Massachusetts State police Trooper David DiCrescenzo observed a grey Jeep. A routine registration check of the Jeep's license plates revealed that the vehicle was registered in Massachusetts, but the registered owner did not have a Massachusetts license. The trooper stopped the vehicle. During the course of the trooper's investigation, all three occupants were eventually ordered to exit the Jeep. After the driver gave Trooper DiCrescenzo his consent to search the vehicle, troopers conducted a search that revealed no contraband. Trooper DiCrescenzo intended to issue citations to the driver and the defendant and allow them to leave. As he was returning to his cruiser, however, he observed, sitting on the guardrail, a large bag of what appeared to be cocaine. On the ground near the bag was another package of what appeared to be heroin. The troopers then arrested all three occupants.
Discussion. 1. Motion to suppress evidence. The defendant argues that the motion judge improperly denied his motion to suppress the drug evidence because Trooper DiCrescenzo's exit order was not justified. In reviewing the denial of a motion to suppress, we accept the judge's findings of fact absent clear error but independently review his conclusions of law. See Commonwealth v. Vincent, 469 Mass. 786, 794 (2014).
The motion judge found the following from the evidence presented at the motion to suppress hearing. After hearing testimony from Trooper DiCrescenzo, the judge found that the three occupants were making frantic movements in the vehicle after the trooper activated his lights in order to effect a stop. He found that the Jeep made a series of abrupt lane changes before coming to a stop in the right lane, necessitating the trooper's use of his public address system to direct the driver to pull onto the shoulder. Upon approaching the vehicle from the passenger side, the trooper observed the defendant seated in the back seat, with his leg up on the seat and his back towards the trooper in a relaxed pose. He also detected the strong odor of marijuana and noticed air fresheners tucked into the vehicle's air vents. Trooper DiCrescenzo then asked the driver and the defendant for identification; the driver provided a Pennsylvania driver's license and the defendant a New York identification card.[2] Due to the erratic operation of the vehicle and the strange movements of the occupants, the trooper ordered the driver to exit the vehicle. Trooper DiCrescenzo placed the driver in the back seat of his cruiser while he continued his investigation. While in the cruiser, the driver gave the trooper his consent to search the vehicle. While Trooper DiCrescenzo was still in his cruiser, he saw the defendant open a rear passenger door and start to exit the vehicle. The trooper ordered the defendant back into the Jeep and called for back-up. He then ran a computer inquiry for the driver and the defendant. He found that the defendant had an extensive criminal history for narcotics violations in New York. The trooper then went back to the Jeep and ordered the defendant out. The judge found that the initial stop was lawful[3] and the exit order was justified given the frantic movements of the occupants in the vehicle, the vehicle's erratic operation prior to stopping, and the defendant's criminal history.
An exit order is justified when, viewing the circumstances of the stop in their totality, the officer has a reasonable basis to fear for his safety. See Commonwealth v. Stampley, 437 Mass. 323, 325-326 (2002). See also Commonwealth v. Gonsalves, 429 Mass. 658, 661-662 (1999). The defendant challenges the judge's conclusion that the circumstances surrounding the stop justified the trooper's reasonable fear for his safety. While movement within a vehicle is not always a furtive gesture justifying heightened suspicion, the judge credited the trooper's testimony that the movement he observed from the defendant and the vehicle's other occupants was "frantic," and that they appeared to be reaching around the interior of the vehicle. The trooper's uncontroverted testimony was that he was not sure if the vehicle's occupants were trying to "either retrieve or secrete something in the car." We discern no error in the judge's finding that these movements were "way outside of a normal motor vehicle stop." See Commonwealth v. Torres, 433 Mass. 669, 673 (2001). We consider these observations, as well as the erratic driving prior to the stop, the defendant's attempting to exit the vehicle from the rear passenger seat while the trooper was in his cruiser, and the defendant's criminal history, and conclude that the judge did not abuse his discretion in determining the exit order was proper.[4] Compare Commonwealth v. Ellsworth, 41 Mass. App. Ct. 554, 556-557 (1996). As such, the judge's conclusion that the troopers properly seized the drugs they discovered on the guardrail and on the ground nearby was also correct. Compare Commonwealth v. Rodriguez, 456 Mass. 578, 587, 590 n.12 (2010) (apparently abandoned evidence obtained as result of seizure may be suppressed if Commonwealth cannot meet burden of proving seizure was justified by reasonable suspicion or probable cause).
2. Sufficiency of the evidence. The defendant also alleges that the trial judge erred in twice denying his motion for a required finding of not guilty, claiming the Commonwealth presented insufficient evidence to prove beyond a reasonable doubt that he was engaged in a joint venture to distribute the heroin and cocaine. We disagree.
In order to support a theory of joint venture, the Commonwealth must prove that "the defendant knowingly participated in the commission of the crime charged, and that the defendant had or shared the required criminal intent." Commonwealth v. Zanetti, 454 Mass. 449, 467 (2009). While direct knowledge of a defendant's intent is often difficult to obtain, "[k]nowledge or intent ... may be proved by inference from all the facts and circumstances developed at trial." Commonwealth v. Sabetti, 411 Mass. 770, 779-780 (1992). In addition, "[u]nder [a] joint venture theory, for a trafficking conviction, the defendant need not have possessed the drugs, actually or constructively.... He need only have shared the intent of the principal to distribute." Commonwealth v. Hernandez, 439 Mass. 688, 695 (2003).
At trial, the jury could have credited the following evidence: The bag found on the guardrail contained roughly fifty-nine grams of cocaine, an amount the Commonwealth's expert testified was more consistent with drug distribution than personal use. The bag found on the ground contained nearly one hundred grams of heroin, also, per the expert, an amount more consistent with distribution. See Commonwealth v. Roman, 414 Mass. 642, 645 (1993). The expert also opined that taken together, the other evidence presented was consistent with drug trafficking activity. This evidence included: the lack of paraphernalia for personal use of the drugs, such as a needle; the multiple air fresheners in the vehicle's vents; the seven cellular telephones found in a vehicle with three occupants; the occupants coming from New York City, a drug "source city"; the frantic movements exhibited by the occupants prior to being stopped followed by the defendant's feigned nonchalance; and the defendant wearing multiple pairs of pants, a tactic designed to frustrate a patfrisk. While circumstantial, that evidence, viewed in the "light most favorable to the Commonwealth," Commonwealth v. Latimore, 378 Mass. 671, 676-677 (1979), supports an inference that the defendant shared the intent to distribute the drugs, and was sufficient to sustain his convictions beyond a reasonable doubt. See Commonwealth v. Jefferson, 461 Mass. 821, 826 (2012).
Judgments affirmed.

The defendant was not wearing a seat belt and the trooper intended to issue him a citation for a seat belt violation.

The defendant does not challenge the lawfulness of the stop.

The trooper was also justified in ordering the defendant to exit the vehicle in order to search the vehicle after receiving the driver's consent. See Commonwealth v. Cruz, 459 Mass. 459, 467 (2011) (officers can order passenger to exit vehicle for "pragmatic reasons" such as facilitating a permissible warrantless search).