*Shelley McIntyre Draper* for All American Rental, Inc.
*Paul A. Manoff* for the plaintiff.

COMMONWEALTH *vs.* EARL CHASE. December 1, 1982. Chase has appealed from his convictions by a jury in the Superior Court on indictments charging him with unarmed robbery and with assault and battery. The sole issue raised on appeal concerns the trial judge's refusal to continue the hearing on the defendant's motion to suppress a photographic identification made by the victim so that two police witnesses who were not present at the hearing could be examined. We find no error.

About one month after the commission of the crimes, the victim went to a package store near the scene and discussed the incident with an off-duty police officer working in the store. Based on her description, the officer thought that Chase might have been involved. This officer arranged by telephone for two on-duty police officers to prepare and bring to the store an array of photographs for viewing by the victim. After examining the array, the victim positively identified Chase. Prior to trial, Chase filed a motion to suppress this out-of-court identification and the proposed in-court identification on the ground that the former was "unnecessarily suggestive and unreliable" in violation of due process requirements. See *Commonwealth* v. *Correia,* 381 Mass. 65, 77-78 (1980). At the hearing on the motion, both the victim and one of the police officers who had prepared the array testified at length about the identification procedure at the package store. Their testimony, in our view of the record, failed to reveal anything which even remotely implied suggestiveness. At the conclusion of the officer's testimony, Chase's trial counsel told the judge that he had expected that the other two police officers would be present and would testify and that they were "essential" to his presentation of the motion. In response to a question by the judge as to what the officers could be expected to say, counsel stated that they would "either corroborate or refute the [existing] testimony." The prosecutor informed the judge that one of the police officers was off-duty, that an attempt to reach him had been unsuccessful and that the other officer was ill. The judge called an early recess for lunch, admonishing counsel "to make every effort to get hold of the officers and have them here." The witnesses were not in court after lunch. The judge denied the motion to suppress and immediately commenced the trial. Chase's counsel objected "to proceeding without the benefit of finishing the voir dire." Chase now argues, in substance that the judge's refusal to grant a continuance impermissibly restricted his ability to explore fully the circumstances of the photographic identification, thereby denying him a fair trial. See *Commonwealth* v. *Dougan,* 377 Mass. 303, 316 (1979).

"Whether a motion for continuance should be granted . . . lies within the discretion of the judge, whose action will not be disturbed unless there is a clear abuse of discretion." *Commonwealth* v. *Watkins,* 375 Mass. 472, 490 (1978). See *Commonwealth* v. *Gilchrest,* 364 Mass. 272, 276 (1973); *Commonwealth* v. *Cavanaugh,* 371 Mass. 46, 50-51 (1976); *Commonwealth* v. *Funderberg,* 374 Mass. 577, 580-581 (1978). As previously noted, the testimony of the victim (who had returned to Massachusetts from New York State for the trial) and one of the police officers who had displayed the photographs reveals not a scintilla of suggestiveness in the identification procedure. No significance can attach to the fact that the victim might have heard the officers' discussion of Chase as the person they suspected, since the victim had not known the defendant's name and names did not appear on the photographs. There was no evidence to

challenge the impartiality of the array or evidence that Chase's photograph was singled out or distinguished to the victim. Chase had the benefit of pretrial discovery which included access to grand jury minutes, a motion for disclosure of identification procedures and any exculpatory evidence in connection therewith, and a pretrial conference under Mass.R.Crim.P. 11, 378 Mass. 862 (1979). Despite discovery, Chase's trial counsel could only speculate on what the absent witnesses might have said. See the requirements in the first paragraph of Rule 4 of the Superior Court (1974). There was no showing that Chase's counsel had made any effort to compel their attendance. See the second paragraph of rule 4. The affidavit accompanying the motion to suppress stated only trial counsel's "information and belief" that the identification procedure had been "unnecessarily suggestive" and "may have produced" an unreliable identification. The failure of the affidavit to conform to the requirements of Mass.R.Crim.P. 13(a)(2), 378 Mass. 871 (1979) (read in conjunction with Rule 61 of the Superior Court, as amended [1980]), might have warranted denial of the motion to suppress without a hearing. See *Commonwealth* v. *Smallwood,* 379 Mass. 878, 888 (1980).

Finally, we note that one of the missing police officers testified at the trial a few days later and was questioned extensively by Chase's counsel about the challenged identification procedure. This officer's testimony also revealed nothing improper in the identification, further signifying that his absence at the earlier hearing was harmless to the defendant. Moreover, despite the intervention of a weekend between the first and second days of proceedings, Chase's counsel apparently took no steps to secure process to compel the remaining witness to attend the trial.

In view of the circumstances, and the principle that the defendant has the burden of establishing that a given identification was unnecessarily suggestive, see *Commonwealth* v. *Botelho,* 369 Mass. 860, 867 (1976); Smith, Criminal Practice and Procedure § 529 (1979 Supp.), the judge's refusal to continue the suppression hearing reveals no "clear abuse of discretion" and denied Chase no constitutional right to due process.

*Judgments affirmed.*

*Ellen A. Howard* for the defendant.
*Kevin M. Flynn,* Assistant District Attorney, for the Commonwealth.