COMMONWEALTH *vs.* ALDEN W. HURD.

Essex. September 12, 1984. — November 5, 1984.

Present: WILKINS, LIACOS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Practice, Criminal,* "Two-tier" court system.

Although pretrial motions filed by a criminal defendant had been heard and denied in the jury-waived session of a District Court, the defendant was entitled to a hearing on identical motions in the jury session after he elected to be tried in the first instance before a jury. [200-203]

COMPLAINTS received and sworn to in the Southern Essex Division of the District Court Department on December 11, 1981, and November 30, 1982, respectively.

Upon transfer to the First Essex Division, a question of law was reported to the Appeals Court by *William H. Sullivan,* J. The Supreme Judicial Court granted a request for direct review.

*Joseph B. Green,* Assistant District Attorney, for the Commonwealth.

*Elliot M. Weinstein* for the defendant.

O'CONNOR, J. This case requires us to determine whether the defendant, whose pretrial motions were heard and denied in a nonjury session of a District Court, is entitled to a rehearing on the same motions in the jury session of the District Court. We hold that the defendant is entitled to a rehearing.

The defendant was charged with three violations of the Controlled Substances Act, G. L. c. 94C, §§ 32B, 32E, and 34. The defendant originally planned to proceed with a bench trial in the first instance. He filed two pretrial motions in the nonjury session of the District Court: a motion to suppress evidence and a motion for disclosure of an informant's identity. Hearings on those motions were held on May 14, 1982, and October 5, 1982, and both motions were denied. When the case was called for trial on May 10, 1983, the defendant was asked to sign a

standard waiver form which stated that the defendant waived his right to a jury trial in the first instance, as required by Mass. R. Crim. P. 19 (a), 378 Mass. 888 (1979). The form also stated that the defendant waived his right to a claim of double jeopardy, as required by *Commonwealth* v. *Montanez*, 388 Mass. 603, 605 (1983), which this court decided in April, 1983. The defendant refused to sign the waiver and the case was transferred to the jury session for a jury trial in the first instance.

The defendant then filed pretrial motions identical to the motions that had been heard and denied in the nonjury session. The Commonwealth moved to have both motions denied without a hearing. The District Court judge, with the consent of both parties, reported to the Appeals Court the following question of law: "Is a defendant entitled, as a matter of law, to a hearing in the District Court jury-of-six session of his pre-trial motions to suppress evidence and for disclosure of an informant's identity, where the identical motions had been denied in the jury-waived session of the District Court after argument and hearing?" We allowed the Commonwealth's application for direct appellate review.

If this case had been tried in a nonjury session and the defendant had then appealed for a trial de novo by a jury, the defendant would have been entitled to a rehearing of his pretrial motions pursuant to Mass. R. Crim. P. 13 (a) (1), 378 Mass. 871 (1979). That rule provides in part: "[T]he failure of the defendant to file pretrial motions in a District Court jury-waived session, or if filed, the denial thereof, shall not constitute a waiver of the right to file such motions upon an appeal to a District Court jury session." We reject the Commonwealth's contention, made at oral argument, that the right to *file* pretrial motions does not imply the right to have them *heard*. Such a construction of the rule would render the right to file motions meaningless.

Rule 13 (a) (1) is consistent with a theory of de novo proceedings in which the defendant obtains a new trial "completely divorced from the record of the prior trial," *Mann* v. *Commonwealth*, 359 Mass. 661, 664 (1971), and in which "all issues of

law and fact must be determined anew." *Costarelli* v. *Massachusetts*, 421 U.S. 193, 194 (1975). We think that this is the way that the Legislature intended the two-tier de novo system to operate. We also think that the rule is supported by certain practical considerations which we discuss below, and that those considerations are equally relevant to cases, such as this one, that proceed to jury trial in the first instance.

The two-tier de novo system is designed to provide a procedure "which disposes of minor criminal cases fairly yet with minimum cost." December, 1976, Report on the State of the Massachusetts Courts made by the Governor's Select Committee on Judicial Needs 33, quoted in *Lydon* v. *Commonwealth*, 381 Mass. 356, 359 n.4, cert. denied, 449 U.S. 1065 (1980). The object of the bench trial is "to achieve a prompt and efficient disposition of the great number of criminal complaints filed each year in the District and Municipal Courts of the Commonwealth, involving relatively minor crimes . . . ." *Lydon* v. *Commonwealth, supra* at 358. "A bench trial takes less time than a jury trial, offering the defendant a less expensive and less time consuming process." *Id.* at 365.

If a defendant were not entitled to a rehearing in a District Court jury session of a pretrial motion that had been heard and denied in advance of a bench trial, the result would be that the ruling on the motion necessarily would be reviewable on appeal to the Appeals Court from a conviction in the jury session. In order that the motion judge's ruling might be realistically reviewable on appeal, the motion judge would have to perfect the record by setting out in writing his or her findings on the evidence presented at the motion hearing. Requiring that this be done before the defendant has been found guilty by a jury and has filed a claim of appeal would be inconsistent with the normal operation of nonjury sessions in the District Courts, would be unduly burdensome on the judge, and would be intolerably inefficient. See *Commonwealth* v. *Cook*, 351 Mass. 231, 234, cert. denied, 385 U.S. 981 (1966). Unless the judge were to make prompt written findings, however, he or she would be required to await notice of whether the defendant exercised his or her right to a jury trial and of whether the

defendant was convicted and claimed an appeal. Then the judge would be required to make written findings on the basis of the evidence which may have been presented at a considerably earlier time. Unless the judge had made adequate notes at the time of the hearing, and preserved them, fact-finding in many instances would be difficult if not impossible. Because of the impossibility of predicting which cases will ultimately result in a jury verdict of guilty and a subsequent appeal, such notes would be required in connection with every pretrial motion heard in a nonjury session. That would be hostile to the objective of the two-tier de novo system — to provide for the fair, inexpensive, prompt, and efficient disposition of minor criminal cases — and would give insufficient recognition to the distinct functions of the nonjury and jury sessions in the District Court.

The rationale is the same whether or not a bench trial is actually held. Judges in the nonjury sessions in the District Court should be able to proceed unburdened by concerns associated with perfecting a record for purposes of appeal. Those concerns are properly reserved for the jury sessions, where the time between pretrial motion hearings and trial will ordinarily be minimal, where the progress of the case is easily followed, and where the motions are most often heard by the judge who presides at trial.

In addition to the burden it would place on District Court judges, a "one hearing" rule with respect to pretrial motions in cases in which the defendant has waived his right to a trial by jury in the first instance would in all likelihood alter the strategy of defense counsel in the nonjury session in such a way as to defeat the purposes of the two-tier system. Under the two-tier de novo system, the defendant "need not pursue, in any real sense, a defense at the lower tier." *Ludwig* v. *Massachusetts*, 427 U.S. 618, 626 (1976). Because of the nature of the proceedings in the nonjury session of the District Court, the amount of time and effort spent in preparation for motion hearings and trials may be less than is spent in preparation for proceedings in a jury session. Assured of a rehearing if his motions are denied in the first instance, a defendant may refrain

from presenting certain evidence or, in the interests of discovery, from objecting to inadmissible evidence presented by the Commonwealth. If the defendant were not allowed to relitigate motions in the jury session, defense counsel would be forced to present the strongest case possible at the hearing in the nonjury session, in order to preserve the defendant's rights. Limiting the defendant to a single hearing would encourage protracted hearings on pretrial motions in the nonjury session and would not be consistent with the summary nature of proceedings at that level, or with the goals of the two-tier system. Massachusetts R. Crim. P. 13 (a) (1) meets those concerns in the de novo setting.

The same concerns support a similar rule in situations where there has been no bench trial, and the defendant proceeds with a jury trial in the first instance. In both situations, the efficient functioning of the District Court is best served by allowing a defendant to relitigate his pretrial motions in the jury session.

We recognize that efficiency would not be served if a defendant who had no intention of proceeding with a bench trial could obtain two chances of favorable rulings on his motions by going first to the nonjury session to argue his pretrial motions and, failing there, rearguing the motions in the jury session. That type of effort can be avoided, however, by District Court judges obtaining the necessary waivers prior to entertaining any pretrial motions in the nonjury session. In the unusual circumstances where, despite the defendant's waiver of his right to a jury trial in the first instance, there is no bench trial, the defendant should nevertheless be entitled to reargue his pretrial motions in a jury session. Accordingly, we answer the reported question affirmatively.