COMMONWEALTH vs. PAUL J. SANTOSUOSSO.

Plymouth. September 11, 1986. — December 31, 1986.

Present: BROWN, DREBEN, & SMITH, JJ.

*Practice, Criminal,* Motion to suppress, Affidavit. *Rules of Criminal Procedure.*

An affidavit submitted by defense counsel in the jury session of a District Court in support of a motion to suppress drugs seized from the defendant, relating counsel's personal knowledge of testimony by the police officer who had conducted the search, as to the circumstances of the search, which the officer had given under oath as a witness for the Commonwealth during the prior bench trial in the District Court, complied with the language and purpose of Mass.R.Crim.P. 2(a), 378 Mass. 844 (1979), and fulfilled the purpose of Mass.R.Crim.P. 13(a)(2), 378 Mass. 871 (1979), where, through no fault of the defendant, the tape recording of the bench trial was of such poor quality that a transcript could not be obtained, and where defense counsel who submitted the affidavit participated in, and was present throughout, the prior court proceeding and thus had direct knowledge of the testimony. [312-314]

COMPLAINTS received and sworn to in the Brockton Division of the District Court Department on April 9, 1984.

On appeal to the jury session of the Wareham Division, a pretrial motion to suppress evidence was heard by *John M. Xifaras,* J., and the cases were tried before him.

*Charles S. Kelly* for the defendant.

*John P. Corbett,* Assistant District Attorney, for the Commonwealth.

DREBEN, J. A motion judge in a jury of six session rejected an affidavit in support of a motion to suppress and denied the motion "for failure to comply with [Mass.R.Crim.P.] 13(a) (2)." We think that, in the circumstances of this case, the affidavit of counsel which was presented to the judge in support of the motion served the purpose of the rule. Accordingly, we remand the matter to be decided on the merits.

1. In order to put the facts of this appeal in proper perspective, we begin by discussing the prior proceedings in the nonjury session of the District Court, where the defendant was convicted on drug charges. Prior to his bench trial, the defendant filed a motion to suppress drugs seized from his person and from his car. The motion was supported by an affidavit signed by him setting forth his view of the circumstances in which his car had been stopped and searched. The judge denied the motion to suppress, and there was a trial on the merits. The police officer, Kevin Smith, who had conducted the search testified at the trial, and his testimony made it apparent that the defendant's affidavit in support of his motion had misidentified the officer who had conducted the search.

2. We turn to the proceedings in the jury session of the District Court. Prior to his trial de novo in the jury session, the defendant again filed a motion to suppress the drugs seized from his person and his car. See *Commonwealth* v. *Hurd,* 393 Mass. 199, 200 (1984). This time, the defendant supported the motion with an affidavit by his counsel based on the police officer's testimony at the bench trial. The affidavit appears as Appendix A to this opinion. In the defendant's view, the police officer's description of the search, as presented at the bench trial, also entitled the defendant to suppression of the evidence. Rather than rely on his own affidavit,[1] which had contained an error and appears as Appendix B to this opinion, the defendant relied upon the police officer's testimony under oath as to the facts of the search at the bench trial.

The best evidence of that account would, of course, be a transcript of the testimony at the nonjury trial. Although the testimony of the officer had been tape recorded, a transcript could not be made because of the poor quality of the tape.[2]

[1] The defendant's affidavit as presented to the judge in the nonjury session is contained (erroneously) in the record appendix. It does not appear to have been before the motion judge in the jury-of-six session. We include it as an appendix merely to show that the variations between the defendant's affidavit and counsel's affidavit are minor.

[2] We have examined the original papers in the jury session, and our account of what happened in that session includes information derived from

For this reason, defense counsel, who had been present when the officer had testified, filed an affidavit (Appendix A) recounting the testimony. That affidavit states that counsel "was present" at the earlier trial and had "heard the testimony of the chief prosecution witness, Officer Kevin Smith," the police officer who had conducted the search. The affidavit further states that Smith's "testimony [was] substantially" as set forth in the affidavit. The motion was accompanied by a memorandum of law contending that the facts of the search entitled the defendant to have the seized material suppressed.

The judge held an evidentiary hearing on the motion. At the hearing, the Commonwealth claimed that the defendant had failed to comply with Mass.R.Crim.P. 13(a) (2), 378 Mass. 871 (1979), and the Commonwealth was given leave to file a brief on this issue after the hearing was over.

In its brief, the Commonwealth did not challenge the accuracy of counsel's rendition of the police officer's testimony at the nonjury trial. Rather, it claimed, as it again argues in this court, that counsel's affidavit should be disregarded as it was not signed by a person having "personal knowledge of the factual basis of the motion," as required by Mass.R.Crim.P. 13(a) (2).[3] Although the judge had held an evidentiary hearing and had heard the police officer testify, he accepted the Commonwealth's argument that the defendant had failed to comply with Mass.R.Crim.P. 13(a) (2). Thus, he denied the defendant's motion on procedural grounds and did not reach the merits of the motion.

3. We conclude, based on the purpose of rule 13(a) (2), that strict application of the rule sought by the Commonwealth is not appropriate in the peculiar circumstances of this case. See

those papers.

Counsel filed an affidavit in the jury session stating that, because of the tape's poor quality, the officer's testimony at the nonjury trial could not be transcribed.

[3] Massachusetts Rule of Criminal Procedure 13(a) (2), which sets forth the requirements for pretrial motions, states in relevant part: "[A]n affidavit detailing all facts relied upon in support of the motion and signed by a person with personal knowledge of the factual basis of the motion shall be attached."

Mass.R.Crim.P. 2(a), 378 Mass. 844 (1979), and Reporters' Notes to Mass.R.Crim.P. 2, Mass. Ann. Laws, Rules of Criminal Procedure at 14 (1980).[4] Written affidavits based on personal knowledge are accepted as having a degree of reliability not accorded to unverified statements. The purpose of the affidavit requirement of Mass.R.Crim.P. 13 is: (1) to give the judge considering the motion a statement of anticipated evidence, in reliable form, to meet the defendant's initial burden of establishing the facts necessary to support his motion, cf. *Commonwealth* v. *Benjamin,* 358 Mass. 672, 676 n.5 (1971), and (2) to provide the Commonwealth with fair notice of the specific facts relied on in support of the motion set forth in a form, i.e., under oath, which is not readily subject to change by the affiant.

We think those functions are served in this case. Since Officer Smith's testimony was subject to cross-examination and involved the same parties and the same issues, a transcript of his sworn testimony at the bench trial, authenticated pursuant to G. L. c. 233, § 80, by affidavit, or otherwise, cf. Mass. R.A.P. 8(b) (3), as amended, 397 Mass. 1229 (1986), would have had at least the same indicia of reliability as an affidavit. See Liacos, Massachusetts Evidence 272 (5th ed. 1981); *Commonwealth* v. *Trigones,* 397 Mass. 633, 638-639 (1986). See also *United States* v. *Barnes,* 443 F.Supp. 137, 139 (S.D.N.Y.

---

[4] Rule 2(a) reads: "PURPOSE; CONSTRUCTION. These rules are intended to provide for the just determination of every criminal proceeding. They shall be construed to secure simplicity in procedure, fairness in administration, and the elimination of expense and delay."

The Reporters' Notes to Mass.R.Crim.P. 2, Mass. Ann. Laws, Rules of Criminal Procedure at 14 (1980), to which we may look for guidance, see *Commonwealth* v. *Gaulden,* 383 Mass. 543, 552 (1981), state in relevant part:

"The rules were not intended to be administered inflexibly without regard for the circumstances of the particular case. Where a literal interpretation of a rule and its application in a specific situation would lead to unnecessary expense or delay, would unduly complicate the proceedings, or would operate unfairly or produce an unjust result, that interpretation is to yield to the principle enunciated in Rule 2(a).

"This is not to imply that the rules were conceived as merely guidelines or suggested procedures to which the courts and counsel need adhere only as will further their particular interests. They have the force and effect of law."

1977), aff'd, 604 F.2d 121, 156 n.21 (2d Cir. 1979), cert. denied, 446 U.S. 907 (1980). Cf. *Commonwealth* v. *Carlson,* 17 Mass. App. Ct. 52, 53 n.2 (1983); *Commonwealth* v. *Fudge,* 20 Mass. App. Ct. 382, 386 (1985). An authorized transcript of the officer's testimony in this case would, therefore, have served as an affidavit for purposes of the rule and, would, of course, have been the most reliable source of Smith's testimony for the judge in the jury session. Here, however, through no fault of the defendant, the tape recording of the nonjury trial was of such poor quality that a transcript could not be obtained. It is true that an affidavit of the officer would satisfy the express requirement of the rule. We think, however, an insistence on that alternative is unrealistic. A police officer is unlikely to volunteer his affidavit to a defendant and may resist signing one unless compelled to do so. See *Soebel* v. *Boston Elev. Ry.,* 197 Mass. 46, 51 (1907).

The purpose of rule 13 as applied to the Commonwealth is also satisfied. The defendant's reliance on the officer's account in no way puts the Commonwealth at a disadvantage. If the testimony of the officer was incorrectly reported, or if the officer's testimony at the bench trial was inaccurate, the Commonwealth is in a position so to indicate. It has full opportunity to present whatever facts it deems relevant, and is on full notice of the specific facts relied on by the defendant. In sum, we think that in this case counsel's affidavit should have been accepted.

Our holding is a narrow one. We are accepting counsel's affidavit in circumstances where the defendant relies on court testimony of a witness for the Commonwealth, namely the police officer who conducted the search; where, through no fault of the defendant, the tape of the court proceeding is unavailable or cannot be heard or transcribed; and where the affidavit is from a person who participated in, and was present throughout the prior court proceedings and thus has direct knowledge of the testimony.

Contrary to the Commonwealth's contention, the case of *Commonwealth* v. *Smallwood,* 379 Mass. 878, 888 (1980), is inapposite. There, the affidavit offered in support of a motion

to dismiss an indictment was hearsay from a defense investigator who represented what a third person had told him. That affidavit in no way could be considered in compliance with the language or purpose of rule 13(a) (2). Here, as indicated, the affidavit related personal knowledge of the relevant facts, i.e., Officer Smith's testimony.[5]

The judgments of conviction of the drug offenses which were not placed on file are vacated, and the matter is remanded to the judge to hear the motion on the merits.[6] If because of the lapse of time and the absence of a tape,[7] the judge determines that it would be difficult now to make findings, see *Commonwealth* v. *Hurd,* 393 Mass. at 202, he may decide to hear new evidence.[8] If the motion to suppress is allowed, subject to the Commonwealth's right of appeal, see Mass.R.Crim.P. 15(a)(2), 378 Mass. 882-883 (1979), the defendant shall be entitled to a new trial. If the motion is denied, the convictions are to be reinstated, subject to the defendant's right to appeal from the denial of the motion to suppress.

*So ordered.*

---

[5] Unlike the prosecutor's affidavit discussed in *Commonwealth* v. *Trigones,* 397 Mass. at 641 n.4, counsel's affidavit recounted the testimony as counsel had heard it. The affidavit did not purport to tell the circumstances of the search.

[6] The defendant was also convicted of a traffic offense, and that conviction was placed on file. It is not before us. See *Commonwealth* v. *Hoffer,* 375 Mass. 369, 370 n.1 (1978). One of the drug convictions (JR-84-679C) was also placed on file. Although that drug conviction would also normally not be before us, it is subject to the same problem, if any, as are the convictions on the complaints on which the defendant was sentenced. The defendant, on request made to the District Court within thirty days from the date of this opinion, may also have a new suppression hearing on the filed drug conviction. See *Commonwealth* v. *Ragonesi,* 22 Mass. App. Ct. 320, 326 n.8 & 321 n.1 (1986).

[7] Among the original papers is a letter from the clerk indicating that a recording of the evidentiary hearing at the jury session was unavailable. An affidavit of counsel is to the same effect.

[8] Unlike the situation in *Commonwealth* v. *Carlson,* 17 Mass. App. Ct. at 53 n.2, or in *Commonwealth* v. *Fudge,* 20 Mass. App. Ct. at 386-387, the record is not adequate for us, without findings by the judge, to determine the merits of the defendant's motion. See *Commonwealth* v. *Loughlin,* 385 Mass. 60, 62 n.3 (1982).

Commonwealth *v.* Santosuosso.

APPENDIX A.

COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS                     WAREHAM DISTRICT COURT
                                 CRIMINAL JURY
                                 NO. 157551-54

*****************************************
COMMONWEALTH OF MASSACHUSETTS   *
                                *       AFFIDAVIT OF
VS.                             *    CHARLES S. KELLY
                                *
PAUL J. SANTOSUOSSO             *
*****************************************

I am counsel to the Defendant in the aforesaid action. I make this affidavit as to my own personal knowledge.

I was present at the bench trial in the above-captioned matter and heard the testimony of the chief prosecution witness, Officer Kevin Smith. His testimony is substantially as follows:

On or about April 9, he observed a 1984 black Camaro driving in a northerly direction on Spruce Street in Abington. Because he observed the vehicle cross the center line, he put on his blue lights and siren and followed the car. The car pulled over and he approached it. Inside he observed the Defendant, Paul Santosuosso, behind the driving wheel, Christopher Kosonen was in the passenger seat, and Lynette Coggiano was in the rear of the vehicle. Kosonen was well known to him.

Upon his request, the Defendant produced a license and bill of sale indicating that the car had a dealer registration. He then proceeded over to the passenger side and directed Kosonen to step out of the car. After Kosonen stepped out, an altercation ensued, and Kosonen ran away. He pursued Kosonen.

When he returned after securing Kosonen into custody, he approached the Defendant who was still seated behind the steering wheel of the vehicle. He directed the Defendant to step out because he wanted to pat him down. He patted him down and found no evidence of any type of weapon. Thereupon he put his knee on the seat behind the driver's wheel and had approximately 3/4 of his body inside the vehicle. He took a flashlight and flashed it into the ashtray where he observed remnants of marijuana cigarettes. Based on that, he arrested the Defendant for possession of marijuana.

Signed under the pains and penalties of perjury this    day of April, 1985.

                                        s/Charles S. Kelly

Commonwealth *v.* Santosuosso.

APPENDIX B.

## COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, SS                    BROCKTON DISTRICT COURT
                               CRIMINAL COMPLAINT 157551-4

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
COMMONWEALTH OF MASSACHUSETTS    *
                    Plaintiff   *
                                *    AFFIDAVIT OF
VS                              *      PAUL J.
                                *    SANTOSUOSSO
                                *
PAUL J. SANTOSUOSSO             *
                    Defendant   *
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

(1) I am the Defendant in the aforesaid action. I make the following affidavit of my own personal knowledge.

(2) On or about April 9, 1984, I was driving a 1984 black Camaro in a northerly direction on Spruce Street in Abington. Present with me were Christopher Kosonen and Linnette Caggiano. In response to seeing blue lights and hearing a siren, I pulled my car over and it was approached by a single uniformed police officer, which I later learned to be Abington Police Officer Kevin Smith.

(3) Officer Smith asked for my license and registration, which I produced. He informed me that I had crossed the yellow line. Officer Smith then went over to the passenger side and directed Mr. Kosonen to step out of the car. After Mr. Kosonen stepped out, an altercation ensued and Mr. Kosonen ran away. Officer Smith pursued him.

(4) While Officer Smith was gone, a Rockland cruiser arrived. At around the same time, Officer Smith arrived back with Mr. Kosonen. He placed Mr. Kosonen in a third cruiser which had arrived. He directed me to get out of my car and go to his cruiser. From where I was sitting in the cruiser, I saw Officer Scheweirn of the Rockland Police Department enter my car and search it. After he finished searching he then approached the cruiser and showed Officer Smith what appeared to be the remnants of a marijuana cigarette and said, "Look what I found. You can arrest him now." Based on that information, Officer Smith placed me under arrest.

(5) While being booked at the station, the alleged valium was found in my shirt pocket and an alleged packet of cocaine in my wallet. I was then stripped and three more packets of alleged cocaine were found.

Signed under the pains and penalties of perjury this       day of September, 1984.

s/Paul J. Santosuosso