COMMONWEALTH VS. JASON CLEGG.

No. 03-P-61.

Bristol. February 5, 2004. - May 19, 2004.

Present: GREENBERG, GRASSO, & KAFKER, JJ.

*Search and Seizure,* Automobile, Motor vehicle. *Practice, Criminal,* Continu-
ance, Motion to suppress, Affidavit.

In a criminal case, the judge hearing a motion to suppress evidence abused his
discretion in denying the Commonwealth's request for a continuance and
requiring the Commonwealth to proceed to hearing without the presence of
its sole witness, where, in the circumstances of the case, the judge's action
was tantamount to a dismissal with prejudice, a sanction that should have
been reserved for more serious transgressions; and where the judge was
not powerless to address the missing witness's failure to appear. [200-203]
The judge in a criminal case erred in allowing the defendant's motion to sup-
press evidence that police had taken from a motor vehicle with the consent
of the owner of the vehicle, where the defendant's motion was not ac-
companied by the requisite supporting affidavit, and therefore, the
defendant's motion did not satisfy his threshold burden of demonstrating
that a search in the constitutional sense had occurred when the police
opened the bag that they had taken from the vehicle. [203-204]

COMPLAINT received and sworn to in the Attleboro Division of
the District Court Department on October 26, 2001.

A motion to suppress evidence was heard by *Lance J. Garth,*
J.

An application for leave to prosecute an interlocutory appeal
was allowed by *Martha B. Sosman,* J., in the Supreme Judicial
Court for the county of Suffolk, and the appeal was reported by
her to the Appeals Court.

*Steven E. Gagne,* Assistant District Attorney, for the
Commonwealth.

*John P. Francoeur* for the defendant.

GRASSO, J. In this interlocutory appeal, the Commonwealth
challenges a District Court judge's order allowing the defen-

dant's motion to suppress evidence seized from a motor vehicle. At issue is whether the judge abused his discretion or committed other error of law in (1) denying the Commonwealth's request for a continuance when its sole witness, a police officer, failed to appear for the scheduled hearing, and (2) then allowing the defendant's motion. For the reasons that follow, we conclude that the judge erred.

1. *Background.* Because the officer who failed to appear for the scheduled evidentiary hearing was to be the only witness, the judge heard no evidence and made no factual findings concerning the contested search and seizure. To put the issues in context, we recite general background facts as set forth in the parties' briefs and as presented at the hearing before the motion judge.

On October 25, 2001, Attleboro police Officers Malley and Gosselin were dispatched to respond to a call. The caller related that she was inside her motor vehicle, a white car with New Hampshire registration parked in front of the Attleboro District Court, and that she was having a problem with a man who would be leaving the courthouse shortly. It was 10:51 A.M. and court was in session.

On arriving at that location, the officers observed a woman speaking on a cellular telephone inside the described vehicle. The officers also saw the defendant and another man walking towards the vehicle. Officer Malley approached the vehicle and asked the woman, later identified as Deborah Heath, what was wrong. She replied that the defendant had a substantial amount of marijuana in a black bag located in the trunk of her car. She also invited the officers to search the car.

Before searching the trunk, the police spoke to the defendant and requested his identification. When the police discovered an outstanding warrant, they placed the defendant under arrest. One of the officers then asked the defendant if he had any property in the car, and he stated that he did not. Officer Malley related the defendant's reply to Ms. Heath, who opened the trunk and pointed to a black bag that she said contained the marijuana. She told the police that the defendant and a friend grew and sold marijuana.

The strong odor of marijuana emanating from the bag was

apparent to Officer Malley, who seized the bag. He then asked the defendant if the bag was his, and the defendant acknowledged that it was. Later, at the police station, the police opened the bag and discovered two large plastic bags of marijuana and drug paraphernalia inside. The defendant was charged with possession of a class D substance with intent to distribute, see G. L. c. 94C, § 32C, and possession of a class D substance. See G. L. c. 94C, § 34.

The docket discloses that the defendant, who gave his address as East Corinth, Vermont, failed to appear at various scheduled court appearances. In consequence, there issued default warrants that later were removed. On March 26, 2002, defense counsel filed a motion to suppress the marijuana found inside the bag taken from the vehicle. No affidavit accompanied the motion. See Mass.R.Crim.P. 13(a)(2), 378 Mass. 871 (1979). Nevertheless, the court continued the motion to May 7, 2002, for an evidentiary hearing. On May 7, another default warrant issued, but the default was removed that same day. The motion was continued to July 10, 2002, with the notation "NFC."[1]

On July 10, the defendant, defense counsel, and the prosecutor appeared, but Officer Malley did not. The prosecutor informed the judge that the Commonwealth was unable to go forward on the motion: Officer Malley, its only witness, was in Maine for "personal reasons" and unavailable to the Commonwealth. The prosecutor moved for a continuance.

The judge probed further and learned from the prosecutor that Officer Malley had been present on May 7 and had received timely notice of the July 10 hearing through the Commonwealth's subpoena. The judge inquired whether the Commonwealth had any evidence or witnesses available. When the prosecutor responded that it did not, the judge concluded that no "valid exigent or emergency reason exist[ed] to prevent the police witness from appearing to testify" and "that for some unexplained reason, the police witness voluntarily absented himself . . . from the scheduled hearing, after notice." After

---

[1]The docket fails to indicate why the motion was not heard on May 7, whether because of the defendant's initial default or some other reason. Nor does the docket explain why the motion was marked "NFC," a designation the parties agree signifies "no further continuances."

reviewing the defendant's motion to suppress, the judge concluded, over the Commonwealth's objection, that by failing to present any evidence, the Commonwealth had failed to meet its burden of demonstrating that the challenged warrantless search and seizure satisfied constitutional requirements. He allowed the motion.

2. *Discussion.* The judge's allowance of the defendant's motion rests on two interrelated errors. First, the judge abused his discretion when he denied the Commonwealth's request for a continuance and required the Commonwealth to proceed to hearing on a matter in which it lacked its sole witness. See *Commonwealth* v. *Super*, 431 Mass. 492, 496-497 (2000). Further, the judge erred in allowing the motion to suppress because, without the requisite supporting affidavit, the defendant's motion did not satisfy his threshold burden of demonstrating that a search in the constitutional sense had occurred when the police opened the bag they had taken from Heath's vehicle. See *Commonwealth* v. *D'Onofrio*, 396 Mass. 711, 714-715 (1986).

a. *The continuance request.* "Generally, '[t]he decision whether to grant a motion to continue lies within the sound discretion of the . . . judge . . . [and a] denial of a continuance will not constitute error absent an abuse of that discretion.' " *Commonwealth* v. *Super*, 431 Mass. at 496, quoting from *Commonwealth* v. *Painten*, 429 Mass. 536, 543 (1999). See *Commonwealth* v. *Chase*, 14 Mass. App. Ct. 1032, 1033 (1982). The judge's discretion is not unfettered, however, but bounded by important considerations. "In considering a request for a continuance, a trial judge should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted." *Commonwealth* v. *Super*, 431 Mass. at 496-497, quoting from *Commonwealth* v. *Gilchrest*, 364 Mass. 272, 276 (1973). Among the factors a judge must consider is "[w]hether the failure to grant a continuance . . . would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice." Mass.R.Crim.P. 10(a)(2)(A), 378 Mass. 861 (1979). Here, as in *Super*, the judge's denial of the Commonwealth's motion to continue was an abuse of discretion.

The Commonwealth had subpoenaed Officer Malley, and the need for his testimony was considerable. Indeed, as the only proffered witness at a suppression hearing wherein the Commonwealth ostensibly had the burden of proof, his testimony was indispensable.[2] Moreover, other than the assistant district attorney's representation that the witness was absent for "personal reasons," the judge knew nothing as to the nature of these personal reasons and, consequently, lacked any basis for concluding that these reasons were not based on good cause.[3]

Because the defendant was from Vermont, it was not unreasonable for the judge to conclude that some inconvenience and cost might arise were the defendant required to appear for the hearing at a future date. However, the defendant failed to apprise the motion judge of any prejudice to him from a continuance, nor do we discern any.

In the circumstances of this case, denying the Commonwealth's motion to continue and requiring the Commonwealth to proceed without evidence assured an outcome adverse to the Commonwealth and was tantamount to dismissal with prejudice.[4] See *Commonwealth* v. *Jackson*, 27 Mass. App. Ct. 521, 523 (1989) (error to dismiss complaints with or without prejudice where no showing of misconduct by Commonwealth or prejudice to defendant). The judge's ruling suppressed essential evidence, without which further prosecution would be

---

[2] The defendant's motion to suppress does not appear to challenge Heath's authority to consent to the search of the trunk, but challenges the police seizure of the bag and the opening of the bag at the police station where the defendant was under arrest. Officer Malley's testimony would bear on whether the Commonwealth had probable cause to arrest the defendant for illegal possession of marijuana and a basis for searching the bag incident to that arrest. See *Commonwealth* v. *Madera*, 402 Mass. 156, 160 (1988); *Commonwealth* v. *Netto*, 438 Mass. 686, 694-696 (2003). See also *Commonwealth* v. *Brillante*, 399 Mass. 152, 154 n.5 (1987).

[3] The judge's finding that no exigency or emergency existed lacks factual underpinning. The prosecutor did not elaborate, nor did the judge inquire further, concerning the nature of the officer's personal reasons.

[4] Here, the missing officer was the Commonwealth's sole witness. Had the defendant's motion been properly supported by affidavit (see discussion *infra*), the Commonwealth would have borne the burden of proof. See *Commonwealth* v. *Franklin*, 376 Mass. 885, 898 (1978) (once defendant demonstrates that warrantless search occurred, Commonwealth has burden of demonstrating search and seizure falls within exception to warrant requirement).

virtually impossible. Such a sanction should be reserved for "hard core transgressions," not a situation such as this where there is no basis for concluding that the Commonwealth was not acting in good faith or that the delay was other than unintentional. See *Commonwealth* v. *Ortiz*, 425 Mass. 1011, 1012 (1997) (showing of egregious misconduct or serious threat of prejudice required for dismissal with prejudice); *Commonwealth* v. *Gonzalez*, 437 Mass. 276, 280 (2002), cert. denied, 538 U.S. 962 (2003). Compare *Commonwealth* v. *Joseph*, 27 Mass. App. Ct. 516, 518-519 (1989) (dismissal without prejudice proper remedy when request for continuance properly denied).

Given the innumerable difficulties that attend getting parties, attorneys, witnesses, translators, and court personnel together, we understand that a conscientious judge might be frustrated when a witness with ample advance notice, especially a police officer, fails to appear for a case marked "no further continuances." However, the unexpected can, and often does, happen. The need to "move the business" expeditiously in busy trial courts must not lead to such draconian sanctions as occurred here. See *Commonwealth* v. *Connelly*, 418 Mass. 37, 38-39, 39-40 (1994) (Liacos, C.J., concurring). "[T]he public has a substantial interest in prosecuting those accused of crime and bringing the guilty to justice." *Commonwealth* v. *King*, 400 Mass. 283, 290 (1987).

Nor was the judge powerless to address Officer Malley's failure to appear. Because Officer Malley had received actual notice, among other options, the judge could deal with his nonappearance, as that of any witness, by issuing a warrant to compel his appearance. See G. L. c. 233, §§ 5, 6; Mass.R. Crim.P. 17(e), 378 Mass. 885 (1979). See also *Commonwealth* v. *Rollins*, 441 Mass. 114, 121 & n.3 (2004); *Commonwealth* v. *Brookins*, 33 Mass. App. Ct. 626, 633 & n.3 (1992), *S.C.*, 416 Mass. 97 (1993) (bench warrant and contempt power potent mechanism to compel presence of witnesses). When the absent witness later came before the court, the judge could probe any proffered justification for his earlier nonappearance and determine in a more reasoned way, what measures, if any, might be warranted. See Mass.R.Crim.P. 10(b), 378 Mass. 861 (1979) (where continuance causes unnecessary expenses to adverse

party, judge may assess those expenses as costs). Cf. *Commonwealth* v. *Gomes*, 407 Mass. 206, 209 (1990) (hearing required to determine whether defendant's default was wilful or "solid"). That a judge might be reluctant to issue a bench warrant for a police officer without a full understanding of the reason behind his failure to appear merely underscores the importance of not visiting his unexplained nonappearance on the Commonwealth and depriving the public of its substantial interest in prosecuting those accused of crime. See *Commonwealth* v. *King, supra.*

b. *Requirements for raising a suppression issue.* The judge also erred when he ruled that the Commonwealth had failed to demonstrate that the search of the bag and discovery of the marijuana met constitutional requirements. Not every search or seizure implicates constitutional protections under the Fourth Amendment to the United States Constitution or art. 14 of the Massachusetts Declaration of Rights. See *Commonwealth* v. *D'Onofrio*, 396 Mass. at 714. In this regard, Mass.R.Crim.P. 13(a)(2), 378 Mass. 871 (1979), imposes two essential prerequisites on a defendant who seeks to suppress evidence alleged to be the product of an illegal search or seizure: (1) a motion setting forth with particularity, in numbered paragraphs, the grounds, see *Commonwealth* v. *Robie*, 51 Mass. App. Ct. 494, 499 (2001); and (2) an affidavit based on personal knowledge of the facts relied on in support of the motion. See *Commonwealth* v. *Santosuosso*, 23 Mass. App. Ct. 310, 313 (1986); *Commonwealth* v. *Santiago*, 30 Mass. App. Ct. 207, 212-213 (1991). The purpose of the affidavit requirement is "to give the judge considering the motion a statement of anticipated evidence, in reliable form, to meet the defendant's initial burden of establishing the facts necessary to support his motion . . . and . . . to provide the Commonwealth with fair notice of the specific facts relied on in support of the motion set forth in a form, i.e., under oath, which is not readily subject to change by the affiant." *Commonwealth* v. *Santosuosso, supra.*

Here, the defendant failed to file *any* affidavit conforming to the requirements of the rule and, consequently, failed to satisfy his initial burden of demonstrating any expectation of privacy in the bag taken from Heath's vehicle. This failure alone would

have warranted *denial* of the motion to suppress without a hearing, see *Commonwealth* v. *Smallwood,* 379 Mass. 878, 888 (1980); *Commonwealth* v. *Chase,* 14 Mass. App. Ct. 1032, 1034 (1982), or at the very least, the insistence on a proper affidavit before scheduling the motion for hearing. See *Commonwealth* v. *McColl,* 375 Mass. 316, 322 (1978).

The requirements of rule 13 are not empty formalities. Notwithstanding the time constraints in busy court sessions, it is incumbent on a judge to ascertain that the requirements of the rule have been satisfied before scheduling an evidentiary hearing on a proffered motion to suppress. See *Commonwealth* v. *Robles,* 48 Mass. App. Ct. 490, 491 n.1 (2000). Had such been done here, no evidentiary hearing would have been scheduled on the defendant's motion to suppress without the obvious deficiency first being addressed.

Absent an affidavit from the defendant setting forth a factual basis for a claimed expectation of privacy in the bag, there was no legal basis for concluding that a search in the constitutional sense had occurred. The order allowing the defendant's motion to suppress is reversed.

*So ordered.*