NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1259

COMMONWEALTH

vs.

SENGDAO MOONSAMROUATH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In this interlocutory appeal, the Commonwealth claims that a judge of the District Court erred when he allowed the defendant's motion to suppress with prejudice after the Commonwealth was not prepared to go forward with a scheduled evidentiary hearing.  The exclusion of the evidence, which consisted of a firearm and ammunition seized during a warrantless search of the defendant's vehicle, precluded the Commonwealth from prosecuting the case.  Because we discern no egregious prosecutorial misconduct or substantial risk of prejudice to the defendant, we vacate.

1.  Background.  The defendant is charged with carrying a firearm without a license to carry (LTC), in violation of G. L.

c. 269, § 10 (a), and possession of ammunition without a firearm identification (FID) card, in violation of G. L. c. 269, § 10 (h) (1).[1]  The charges stemmed from the discovery of loose ammunition and a .40 caliber Glock handgun in the vehicle the defendant was driving when he struck a telephone pole on Woburn Street in Lowell.  The defendant was injured and transported to the hospital.  Police officers who responded to the scene looked into the car and observed ammunition strewn about the floor and seats.  The police then searched the car and found the firearm in the trunk.

The defendant moved to suppress the evidence, claiming that the evidence was seized during an unlawful search.  The motion was first scheduled for a hearing on September 22, 2022.  Due to a scheduling conflict, the defendant filed a motion to continue the suppression hearing, which was allowed on September 8, 2022. The hearing was rescheduled to November 9, 2022.

On that date, when the case was called by the clerk, the defendant answered ready, but the Commonwealth was not.  The prosecutor informed the judge that none of the three police

---

[1] The defendant was originally charged with (1) carrying a firearm without a LTC, in violation of G. L. c. 269, § 10 (a); (2) leaving ammunition unattended, in violation of G. L. c. 269, § 10 (h) (2); and (3) improperly storing a firearm, in violation of G. L. c. 140, § 131L.  On January 25, 2022, the Commonwealth amended count two to possession of ammunition without an FID card and filed a nolle prosequi as to count three.

witnesses who had been summoned to appear were present.  The judge expressed his frustration with their absence[2] but granted the prosecutor some time to contact the witnesses.  By second call, only one witness had arrived in the courtroom.  Another witness was on his way, but because he had responded to a homicide scene the night before, the Commonwealth was unsure whether he would "be in any shape to testify."  The third witness could not be reached at all, and his whereabouts were unknown.  Because all three witnesses were essential to the case by virtue of their individual roles in the search of the defendant's car, the Commonwealth answered not ready and requested a continuance, to which the defendant objected.  The judge denied the Commonwealth's request and summarily allowed the defendant's motion to suppress.

On December 12, 2022, the Commonwealth filed an emergency petition for extraordinary relief, pursuant to G. L. c. 211, § 3.[3]  A single justice of the Supreme Judicial Court (SJC) denied the petition without hearing, determining that the judge

---

[2] Specifically, the judge stated, "[S]o the Defendant has to be here at 8:30.  We all have to be here.  Why -- why do the police not have to be here at 8:30?  How is their staffing issue -- what -- why is that the Defendant's problem?  And I -- that's a rhetorical question."

[3] Subsequently, the Commonwealth requested a stay of proceedings in the District Court, pending the outcome of this petition, but no action was taken on the motion.

3

did not abuse his discretion in denying the Commonwealth's motion for a continuance.  Subsequently, the Commonwealth filed a motion for clarification on the single justice's ruling, as it did not address whether the exclusion order was with or without prejudice.  The single justice dismissed the motion for clarification without prejudice, stating that the Commonwealth must seek clarification from the motion judge.  At a subsequent hearing, the motion judge ultimately clarified that the exclusion order was made with prejudice.  The motion judge explained that a ruling without prejudice would be a "non-sanction" for the Commonwealth, which was not ready for the suppression hearing and offered no explanation as to why an essential witness was absent.

The Commonwealth then filed a second emergency petition for extraordinary relief, pursuant to G. L. c. 211, § 3.[4]  A different single justice of the SJC denied the second petition on the ground that the Commonwealth had an adequate, alternate remedy as set forth in Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017).  The Commonwealth then filed a notice of appeal in the District Court, as well as a motion for leave to file a late notice of appeal and late application for leave to

---

[4] The Commonwealth also filed a renewed motion to stay proceedings pending review by the single justice, which the motion judge allowed.

4

appeal, pursuant to Mass. R. Crim. P. 15 (a) (2), with the single justice of the SJC. After hearing, a third single justice allowed the Commonwealth's motion and directed that the interlocutory appeal proceed in this court.

2. Discussion. "Generally, '[t]he decision whether to grant a motion to continue lies within the sound discretion of the . . . judge . . . [and a] denial of a continuance will not constitute error absent an abuse of that discretion.'" Commonwealth v. Clegg, 61 Mass. App. Ct. 197, 200 (2004), quoting Commonwealth v. Super, 431 Mass. 492, 496 (2000). In considering a request for a continuance, however, the judge "should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted." Clegg, supra, quoting Super, supra at 497. Additionally, the judge must consider "[w]hether the failure to grant a continuance . . . would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice." Clegg, supra, quoting Mass. R. Crim. P. 10 (a) (2) (A), as appearing in 378 Mass. 861 (1979).

Here, where the evidence suppressed was indispensable to the prosecution, "denying the Commonwealth's motion to continue and requiring the Commonwealth to proceed without evidence

5

assured an outcome adverse to the Commonwealth and was tantamount to dismissal with prejudice." Clegg, 61 Mass. App. Ct. at 201. Therefore, the order at issue must be supported by "a showing of egregious misconduct or at least a serious threat of prejudice." Commonwealth v. Connelly, 418 Mass. 37, 38 (1994).

While we are not without sympathy for the situation in which the motion judge found himself, we cannot conclude that the prosecutor's failure to ensure that the police officers would be present on time for the suppression hearing rises to the level of "egregious misconduct." Connelly, 418 Mass. at 38, quoting Commonwealth v. Carrunchio, 20 Mass. App. Ct. 943, 944 (1985). To begin with, although the hearing had been continued once at the request of the defendant, this was the Commonwealth's first request for a continuance. The prosecutor successfully contacted two of the witnesses and made a good faith effort to contact the third prior to the second call. There was also no evidence suggesting that any of the witnesses had avoided a subpoena in the past.

We certainly do not condone the failure of two of the police officers to arrive on time, the failure of the third to respond to the Commonwealth's communications on the morning of the suppression hearing, or the failure of the prosecutor to

contact the witnesses prior to the first call of the case. See Clegg, 61 Mass. App. Ct. at 202. However, denying the Commonwealth's motion to continue and suppressing essential evidence is a sanction that "should be reserved for 'hard core transgressions,' not a situation such as this where there is no basis for concluding that the Commonwealth was not acting in good faith or that the delay was other than unintentional." Id. Moreover, despite the fact that the failure of all three witnesses to appear inconvenienced everyone involved, there is nothing to suggest that such inconvenience rose to the level of seriously prejudicing the defendant's ability to receive a fair trial. See Connelly, 418 Mass. at 39.

We understand the frustration of both the judge and the defendant from the apparent lack of meaningful "sanctions" to impose when the Commonwealth is not ready to proceed at a hearing. See Connelly, 418 Mass. at 39-40 (Liacos, C.J., concurring) ("A judge's frustration, when faced with instance upon instance of calling cases to trial only to find that the Commonwealth cannot proceed because a necessary police officer witness has not shown up is, in my view, quite understandable"). We also understand the frustration that the parties, especially the defendant, continue to experience because the resolution of this case has been further delayed by the string of reviews

7

before a single justice and the present appeal. However, we are constrained under the case law to vacate the exclusion order, as such frustration and delay does not justify what amounts to the equivalent of a dismissal with prejudice.

<u>Order allowing motion to suppress vacated</u>.

By the Court (Green, C.J.,[5] Vuono & Massing, JJ.[6]),

Clerk

Entered: September 16, 2024.

---

[5] Chief Justice Green participated in the deliberation on this case prior to his retirement.

[6] The panelists are listed in order of seniority.