NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-825

COMMONWEALTH

vs.

HARLEY L. LAMBERT, JR.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This case involves the denial of the defendant's second motion, as amended, to suppress evidence obtained pursuant to a search warrant.  The defendant, represented by counsel, filed the second motion to suppress on January 6, 2022.  The motion stated "that the search was conducted without the warrant in hand, violating the requirement, among other things, of notice to the defendant."  Attached was an affidavit from the defendant stating, inter alia, "I never saw, nor received a copy of the alleged search warrant."  On October 5, 2022, counsel filed an "amended motion to suppress," putting forward a claim "that the search was conducted as a 'No Knock' warrant without prior authorization."  To this amended motion was attached another

affidavit from the defendant, identical to the first except for the addition of a paragraph stating, "The officers entered without knocking or announcing their presence."  The judge did not hold an evidentiary hearing, but on April 26, 2023, she denied the motion with a written, margin endorsement reading, "Denied on the papers.  Affidavit self-serving."[1]

In this matter, there is no dispute that there was a search of the defendant's home.  Massachusetts R. Crim. P. 13 (a) (2), as appearing in 442 Mass. 1516 (2004), requires submission with a pretrial motion, such as that filed here, of "an affidavit detailing all facts relied upon in support of the motion and signed by a person with personal knowledge of the factual basis of the motion."

> "The purpose of the affidavit requirement is 'to give the judge considering the motion a statement of anticipated evidence, in reliable form, to meet the defendant's initial burden of establishing the facts necessary to support his motion . . . and . . . to provide the Commonwealth with fair notice of the specific facts relied on in support of the motion set forth in a form, i.e., under oath, which is not readily subject to change by the affiant.'"

Commonwealth v. Clegg, 61 Mass. App. Ct. 197, 203 (2004), quoting Commonwealth v. Santosuosso, 23 Mass. App. Ct. 310, 313 (1986).  The defendant submitted such an affidavit, and the

---

[1] A single justice of the Supreme Judicial Court allowed the defendant's application, pursuant to Mass. R. Crim. P. 15 (a) (2), as amended, 476 Mass. 1501 (2017), for leave to pursue an interlocutory appeal in the Appeals Court.

facts to which he swore, if true, would have rendered the search unlawful. See Wilson v. Arkansas, 514 U.S. 927, 934 (1995) (holding that "knock and announce" requirement is constitutional requirement). See also Commonwealth v. Santiago, 452 Mass. 573, 574-575 (2008) (noting "knock and announce" rule, which arose from common law tradition, has been incorporated into Fourth Amendment to United States Constitution). The burden therefore was on the Commonwealth to demonstrate that its search was in compliance with constitutional requirements. See id. at 575; Commonwealth v. D'Onofrio, 396 Mass. 711, 714 (1986), citing Commonwealth v. Antobenedetto, 366 Mass. 51, 57 (1974). The Commonwealth's argument that D'Onofrio does not apply is based on its mistaken reliance on Commonwealth v. Brisson, 31 Mass. App. Ct. 418, 421 (1991), a pre-Wilson case holding that the "knock and announce" requirement was merely a common law rule.

Massachusetts R. Crim. P. 13 (e), as appearing in 442 Mass. 1516 (2004), provides that, "The parties shall have a right to a hearing on a pretrial motion." In this case, the defendant's affidavit sufficed to require the judge to hold an evidentiary hearing. See Clegg, 61 Mass. App. Ct. at 204 (proper affidavit is prerequisite to hearing under rule 13). Although the judge concluded that the affidavit submitted by the defendant was "self-serving," as affidavits of course virtually always are, that is not a sufficient basis for finding the affiant not

3

credible.  Even when there are indicia that might support a conclusion concerning the affiant's credibility, "where, as here, the credibility of the affiant cannot be gleaned solely from the contents of the affidavit, it is only through the crucible of direct and cross-examination that such a judgment can be made."  Commonwealth v. Smith, 90 Mass. App. Ct. 261, 269 (2016).

The Commonwealth points us toward several cases in which our appellate courts have allowed judges to discredit affidavits as not credible without holding an evidentiary hearing.  All the cases it cites, however, were decided in the context of motions for a new trial, see Mass. R. Crim. P. 30 (c), as appearing in 435 Mass. 1501 (2001), where our courts have concluded that in some circumstances, it is within the motion judge's discretion to deny such a motion based on a conclusion that an affidavit is not credible.  See, e.g., Commonwealth v. Vaughn, 471 Mass. 398, 404-405 (2015).  Our cases so concluding ultimately rely on the Supreme Judicial Court's holding that judges ruling on a motion for new trial have authority "to determine the weight and import of affidavits submitted, especially where the motion judge was also the trial judge."  Commonwealth v. Thomas, 399 Mass. 165, 167 (1987).  This has no application to this pretrial motion and

does not alter the general rule articulated in <u>Smith</u>, 90 Mass. App. Ct. at 269.[2]

Consequently, the order entered April 26, 2023, denying the defendant's amended motion to suppress, is reversed, and the case is remanded to the Boston Municipal Court for an evidentiary hearing.

<u>So ordered</u>.

By the Court (Vuono, Rubin, & Walsh, JJ.[3]),

Clerk

Entered: October 4, 2024.

---

[2] We note that because there was no evidentiary hearing, the Commonwealth put in no evidence in support of its burden to demonstrate that the execution of the warrant complied with constitutional requirements, including the "knock and announce" requirement.

[3] The panelists are listed in order of seniority.