Commonwealth v. Frank.

COMMONWEALTH vs. VICTOR FRANK.

Bristol. April 10, 1997. - June 10, 1997.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, & FRIED, JJ.

*Practice, Criminal,* Appeal, Assistance of counsel. *Constitutional Law,* Appeal, Assistance of counsel.

On an appeal from criminal convictions, the defendant's appellate counsel's failure to file a brief on the defendant's behalf, which resulted in the dismissal of the appeal, constituted ineffective assistance of counsel: the matter was remanded for appointment of counsel for the prosecution of an appeal, the filing of a motion for a new trial, or both. [184-185]

INDICTMENTS found and returned in the Superior Court Department on October 22, 1990.

The cases were tried before *John M. Xifaras,* J., and a motion for a new trial, filed on September 11, 1995, was heard by him.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

The case was submitted on briefs.

*Victor Frank,* pro se.

*David Mark,* Assistant District Attorney, for the Commonwealth.

FRIED, J. In June of 1994, the Appeals Court dismissed the defendant's appeal for failure to prosecute. The defendant, acting pro se, then moved for a new trial and appointment of counsel. His motion was denied without hearing by the judge who had presided over his trial, and the Appeals Court affirmed. 41 Mass. App. Ct. 1115 (1996). We granted the defendant's application for further appellate review.

There is a credible and unrebutted claim that the defendant was deprived of his appellate rights as a result of the neglect of his trial counsel. Counsel must be appointed, and the defendant's appellate rights reinstated. The defendant may make other claims on a motion for a new trial, if appointed counsel deems it appropriate.

## I

The defendant was indicted for forcible rape of a child under the age of sixteen years, indecent assault and battery on a child under fourteen years, and indecent assault and battery on a child over fourteen years. The complaining witness was the defendant's stepdaughter and the events she complained of occurred over a period of many years, beginning when the victim was seven years old and continuing until one month past her sixteenth birthday. She first spoke of the abuse to a friend when she was fourteen years old, and, when she was sixteen and had moved in with her grandparents, she was interviewed by an employee of the Department of Social Services (department). Although during her first interview with an employee of the department, she denied she had been abused, in a subsequent interview, she told him that she had been abused. According to her testimony, she had failed to complain of the abuse in part because of the effect she feared it would have on her family. A friend of the complaining witness testified as a fresh complaint witness. Her mother, the defendant's wife, testified on behalf of the defendant. The complaining witness spoke of the defendant's outbursts of temper as something that had put her in fear and had led her both to acquiesce in the sexual acts and to keep the facts to herself. As to these outbursts, the mother testified that the defendant "suffers from post-traumatic stress," that he would apologize afterward, and that "we all are aware of that." The jury convicted the defendant on all three indictments on March 10, 1992.

Defendant's trial counsel filed a timely notice, but in June, 1994, the Appeals Court dismissed the appeal for failure to prosecute. The Appeals Court had informed the defendant that the appeal would be dismissed because of the defendant's failure to file a brief. The Commonwealth characterizes defense counsel's failure to file a brief as "indefensible," and nothing in the record suggests that any explanation was offered at the time or thereafter for this failure. In September, 1995, the defendant, acting pro se, moved for a new trial and the appointment of counsel. In that motion, the defendant claimed that he had been denied effective assistance of counsel because his counsel had failed to raise the defense that he was not responsible for his actions toward his stepdaughter because of posttraumatic stress. The trial judge denied the motion without a hearing, and the Appeals Court affirmed.

## II

The defendant had a clear statutory right to an appeal. G. L. c. 278, § 28.[1] See *Commonwealth* v. *Beauchamp*, 424 Mass. 682, 685-686 (1997). And he had a clear constitutional right to the assistance of counsel in that appeal. *Douglas* v. *California*, 372 U.S. 353 (1963). The Supreme Court has addressed the very variant of the right to counsel on appeal that is presented in this case. In *Evitts* v. *Lucey*, 469 U.S. 387 (1985), as in this case, the defendant was represented on appeal but his counsel failed to perfect the appeal, which was dismissed. The Court made plain that the right to the assistance of counsel on appeals requires the effective assistance of counsel:

> "This right to counsel is limited to the first appeal as of right . . . and the attorney need not advance every argument, regardless of merit, urged by the appellant . . . . But the attorney must be available to assist in preparing and submitting a brief to the appellate court . . . and must play the role of an active advocate, rather than a mere friend of the court assisting in a detached evaluation of the appellant's claim" (citations omitted).

*Id.* at 394. Whatever the standards for effective assistance of counsel on appeal, "[i]n a situation like that here, counsel's failure was particularly egregious in that it essentially waived respondent's opportunity to make a case on the merits; in this sense, it is difficult to distinguish respondent's situation from that of someone who had no counsel at all." *Id.* at 395 n.6. The Commonwealth points out that defense counsel had advanced the defendant's claim that he was suffering from posttraumatic stress at sentencing and intimates further that the claim was so far fetched that the judge properly dismissed it on the motion for a new trial. All that may be, but it does not alter the fact that the defendant has a statutory right to an appeal, a constitutional right to counsel in prosecuting that appeal, and that he was deprived of his appeal by the "indefensible" omission of his counsel.

---

[1] That statute grants a right to "appeal . . . to the supreme judicial court." General Laws c. 211A, § 10, however, grants to the Appeals Court "concurrent appellate jurisdiction with the supreme judicial court," where an appeal must be first entered.

There remains the question of what remedy should be granted for this denial of right. Certainly the case should be remanded to the Superior Court for the appointment of counsel.[2] Thereafter, counsel may wish to press his claims by prosecuting the appeal, of which defendant was deprived by his prior counsel's default, or by a motion for a new trial if his claims might better be developed in such a setting, or both. See *Commonwealth* v. *Cowie*, 404 Mass. 119, 122-123 (1989). Whichever route defense counsel chooses, the standard of review is not the more stringent one that applies "once the process has run its course." *Commonwealth* v. *Amirault*, 424 Mass. 618, 637, 652 n.24 (1997). See *Commonwealth* v. *Beauchamp*, 424 Mass. 682, 685-686 (1997) (defendant receives benefit of new law even though appeal not prosecuted until almost twenty-five years after the conviction).

*So ordered.*

---

[2]There may be cases in which the loss of appellate rights was due to the deliberate and counseled choice of the defendant, and, in those cases, the defendant must abide by that choice. There is no suggestion that this is such a case.