COMMONWEALTH *vs.* TODD A. BORDERS. No. 08-P-226. January 30, 2009. *Practice, Criminal,* Continuance, Dismissal.

On August 8, 2005, the defendant was charged by complaint in the Barnstable Division of the District Court Department with operation of a motor vehicle while under the influence of alcohol in violation of G. L. c. 90, § 24(1)(a)(1), and with negligent operation of a motor vehicle in violation of G. L. c. 90, § 24(2)(a). The defendant's case had been continued a number of times for several reasons before it was scheduled for trial on January 25, 2007.[1] When the case was called for trial, the prosecutor requested a continuance because two necessary witnesses, a police officer and a civilian witness, were not available for trial. The judge stated his concern about the status of the case because it was the "oldest case," and commented that he was inclined to dismiss it without prejudice. He encouraged the parties to try to reach an agreement on the case's disposition.

When the case was called again after a break, defense counsel requested that the case be dismissed due to the number of continuances for discovery compliance and because the hearing on the motion to suppress had been continued to accommodate the same police officer who was missing for trial. Based on the

---

[1] Some of the delay related to discovery compliance and the need for a hearing on the defendant's motion to suppress. There was no allegation of a violation of Mass.R.Crim.P. 36(b), as amended, 422 Mass. 1503 (1996).

history of the case, the judge dismissed it with prejudice. The judge noted the Commonwealth's objection, and added that it "could be successful on the appeal if you take it."

The Commonwealth claims that the judge abused his discretion in denying the Commonwealth's request for a continuance. We agree. Although a judge enjoys great latitude when he grants or denies a request for a continuance, his discretion to do so is not unfettered. *Commonwealth* v. *Clegg*, 61 Mass. App. Ct. 197, 200 (2004). "In considering a request for a continuance, a trial judge should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted." *Commonwealth* v. *Super*, 431 Mass. 492, 496-497 (2000), quoting from *Commonwealth* v. *Gilchrest*, 364 Mass. 272, 276 (1973). "Among the factors a judge must consider is '[w]hether the failure to grant a continuance . . . would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.' " *Commonwealth* v. *Clegg*, *supra*, quoting from Mass.R.Crim.P. 10(a)(2)(A), 378 Mass. 861 (1979).

Here, the Commonwealth needed a continuance at the first scheduled trial date to secure the attendance of two necessary witnesses. The defendant was made aware of the need for a continuance the day before the case was scheduled for trial. The judge made no mention or finding as to what factors he took into consideration when he denied the request for the continuance or how he balanced the interests of the parties in arriving at his decision. In fact, there is nothing in the record to support a conclusion that setting a new trial date would cause undue costs, inconvenience, or prejudice to the defendant. Nor is there any suggestion in the record that allowing the Commonwealth's request would affect the defendant's right to a fair trial. See *Commonwealth* v. *Connelly*, 418 Mass. 37, 39 (1994).

The Commonwealth also claims that it was error for the judge to dismiss the complaint with prejudice. Again, we agree. Dismissal of a criminal complaint with prejudice is a draconian sanction that must be reserved for cases manifesting egregious prosecutorial misconduct or a serious threat of prejudice to the defendant. *Commonwealth* v. *Cronk*, 396 Mass. 194, 199 (1985). *Commonwealth* v. *Connelly*, *supra* at 38.[2] The public, whom the Commonwealth represents, "has a substantial interest in prosecuting those accused of crime and bringing the guilty to justice." *Commonwealth* v. *King*, 400 Mass. 283, 290 (1987).[3]

There is also a constitutional component to the Commonwealth's interest. Article 30 of the Declaration of Rights of the Massachusetts Constitution enumerates the constitutional principles of separation of powers among the three branches of government.[4] "In the context of criminal prosecutions, the executive power affords prosecutors wide discretion in deciding whether to prosecute a particular defendant, and that discretion is exclusive to them."

---

[2]Dismissal with prejudice is also appropriate in cases involving double jeopardy or speedy trial violations, neither of which is presented here. See *Commonwealth* v. *Corbett*, 26 Mass. App. Ct. 773, 778-779 (1989).

[3]In appropriate circumstances, there are available sanctions short of dismissing a case with prejudice that can assist a judge in maintaining control of the docket.

[4]Article 30 provides in part: "In the government of this commonwealth, the legislative department shall never exercise the executive and judicial powers, or either of them: the executive shall never exercise the legislative and judicial powers, or either of

*Commonwealth* v. *Cheney*, 440 Mass. 568, 574 (2003). See *Commonwealth* v. *Pyles*, 423 Mass. 717, 719 (1996). Once a complaint or an indictment issues, "the decision to nol pros a criminal case is within the discretion of the executive branch of government, free from judicial intervention." *Commonwealth* v. *Cheney*, *supra* at 574, quoting from *Commonwealth* v. *Gordon*, 410 Mass. 498, 500 (1991). Indeed, in the absence of egregious misconduct or a serious threat of prejudice discussed above, the effect of dismissing a criminal complaint without a trial and with prejudice is viewed as quashing or entering a nolle prosequi, and doing so amounts to a usurpation of the "decision-making authority constitutionally allocated to the executive branch." *Id.* at 501. See *Commonwealth* v. *Hart*, 149 Mass. 7, 8 (1889); *Commonwealth* v. *Cinelli*, 389 Mass. 197, 210, cert. denied, 464 U.S. 860 (1983).

All that appears in the record was the judge's concern about the age of the case, which had been caused by the Commonwealth's delay in discovery compliance as well as the litigation of the defendant's motion to suppress. We understand the judge's frustration when he learned, upon calling the case for trial (for the first time), that the Commonwealth's witnesses were not then available, a fact the defendant knew the day before. Such frustration is not a justification for dismissing a case with prejudice. *Commonwealth* v. *Heiser*, 56 Mass. App. Ct. 917, 918 (2002). See *Commonwealth* v. *Connelly*, *supra* at 39-40 (Liacos, C.J., concurring). Nor does it justify the resources expended on this appeal.[5] The judge's failure to find either egregious prosecutorial misconduct or serious prejudice to the defendant, and the absence of a record that would have supported either such finding, assured the accuracy of the judge's prediction of the result we reach.

The judgment of dismissal is vacated, and the matter is remanded to the District Court.

*So ordered.*

The case was submitted on briefs.

*J. Thomas Kirkman*, Assistant District Attorney, for the Commonwealth.

them: the judicial shall never exercise the legislative and executive powers, or either of them . . . ."

[5]The resources expended on this appeal are those of the Commonwealth and of this court. With the defendant's written assent, defense counsel deliberately chose not to file a brief. See *Commonwealth* v. *Frank*, 425 Mass. 182, 185 n.2 (1997); *Commonwealth* v. *Goewey*, 452 Mass. 399, 403 n.3, 405 n.5 (2008).