COMMONWEALTH *vs.* KAYSHAWN BURSTON
(and a companion case[1]).

No. 09-P-706.

Hampden. December 8, 2009. - August 23, 2010.

Present: BERRY, BROWN, & SIKORA, JJ.

*Practice, Criminal,* Motion to suppress, Continuance.

A Superior Court judge did not abuse his discretion in allowing, without a hearing, the joint pretrial motion of two criminal defendants to suppress evidence, after denying a motion by the Commonwealth for a continuance, where the judge determined that the prosecutor had failed to exercise due diligence to produce his witnesses for the scheduled suppression hearing, and the prosecutor's only stated reason for requesting a continuance was the Commonwealth's need for additional time to furnish discovery to the defendants (discovery that the defendants did not need, and without which the defendants were fully prepared to proceed); therefore, in these circumstances in which the Commonwealth failed to assert any need of its own for additional time, the judge was not obliged to balance such a need against the possible inconvenience, increased costs, and prejudice suffered by the defendants. [414-418]

INDICTMENTS found and returned in the Superior Court Department on April 25, 2007.

A pretrial motion to suppress evidence was considered by *Cornelius J. Moriarty, II*, J., and motions for a continuance and for reconsideration were heard by him.

An application for leave to prosecute an interlocutory appeal was allowed in the Supreme Judicial Court for the county of Suffolk by *Robert J. Cordy*, J., and the appeal was reported by him to the Appeals Court.

*Marcia B. Julian*, Assistant District Attorney, for the Commonwealth.

*Barry Auskern* for Kayshawn Burston.

*Peter M. Onek*, Committee for Public Counsel Services, for Michelle Lafleur.

---

[1]Commonwealth *vs.* Michelle Lafleur.

Sikora, J. The Commonwealth appeals from a Superior Court judge's allowance of the defendants' joint motion to suppress evidence. The judge granted the motion by reason of the Commonwealth's lack of preparedness and inability to proceed at the suppression hearing. The Commonwealth contends that the judge's allowance of the motion, without a hearing, constituted an abuse of discretion. For the following reasons, we affirm.

*Background.* In April and May of 2007, the defendants, Kayshawn Burston and Michelle Lafleur, were indicted and arraigned on charges of distribution of cocaine.[2] Lafleur filed a motion, which Burston joined, to suppress evidence resulting from a warrantless search.[3] The defendants filed numerous discovery motions. For reasons unclear from the record, pretrial hearings were repeatedly continued (i.e., not held) to August 1, 2007, August 29, 2007, and September, 7, 2007.[4] On September 7, 2007, the parties attended a pretrial conference. Reports from the pretrial conference indicated that the parties had agreed to an evidentiary hearing on the defendants' suppression motion on October 16, 2007, in anticipation of trial scheduled for October 29, 2007. In addition, the parties filed an agreement for the Commonwealth's compliance with discovery requests by October 18, 2007.

Because the prosecutor was unavailable by reason of illness on October 16, 2007, the suppression hearing was postponed until October 19, 2007.[5] On October 19, 2007, the prosecutor requested a continuance of the hearing to November 7, 2007, because he was not prepared to proceed.[6] He explained that he

---

[2] A grand jury indicted Burston, as a subsequent offender, for distribution of cocaine in violation of G. L. c. 94C, § 32A(*c*) and (*d*), and Lafleur for distribution of cocaine in violation of G. L. c. 94C, § 32A(*c*).

[3] In her motion, Lafleur sought to suppress all statements made by her and all items seized by the police during a search of a vehicle. Her affidavit states that the police stopped the vehicle which she had been driving, failed to show her either a search or arrest warrant, searched the vehicle without her consent, and seized $250 prior to her arrest.

[4] The record on appeal shows that the pretrial conference was continued also on June 29, 2007, and August 22, 2007.

[5] The prosecutor's affidavit in support of his motion to continue showed that he had taken ill and missed two days of work during the week of the suppression hearing, and that his mother, for whom he acted as health care proxy, had also taken ill and was hospitalized on the day before the hearing.

[6] In his decision, the judge identified November 9, 2007, as the date requested

was unable to provide certain telephone record discovery to the defendants and that all parties agreed to the continuance.[7] Counsel for the defendants reported their readiness to go forward on the evidentiary hearing, notwithstanding their preference first to receive the outstanding discovery. The judge requested a written motion for the continuance and a supporting affidavit. He observed that a motion stating, "I haven't got to it," or similar grounds would be inadequate.

At 2 P.M. that day, the attorneys reconvened. The prosecutor, still unprepared to go forward with the hearing, submitted his motion for a continuance along with an affidavit. He stated, "I did not summons the police witnesses for today because I explained to counsel earlier this week that I was having some difficulty putting together the discovery, and there was general assent, if you will . . . that [the defendants] didn't want to go forward with the motion to suppress absent the discovery materials." Although defense counsel did not oppose the continuance because the outstanding discovery "could be quite helpful in litigating the motion to suppress," they nevertheless affirmed their readiness to proceed.[8] The judge commented that "the [Commonwealth's] failure to provide discovery, the failure to produce witnesses really can be construed in some way as nothing else than a way to manipulate the calendar of the Court." He then denied the Commonwealth's motion for a continuance and allowed the defendants' motion to suppress "with prejudice."

On October 25, 2007, the judge held a hearing on the Commonwealth's motion to reconsider the allowance of the defendants' motion to suppress. At the hearing, the prosecutor proffered the same reasons for the continuance but added allegations of threats made to an informant whose identity had become known to the defendants. The prosecutor, however, had failed to

---

for the continued suppression hearing. Both the Commonwealth's motion to continue and the transcript make clear that the parties agreed to continue the hearing to November 7, 2007.

[7] Other outstanding discovery included the location of a surveillance site. However, the prosecutor disclosed the location to defense counsel that same day.

[8] Defense counsel stated also that "[k]nowing that it's not my purview to do scheduling for this Court, I did indicate to [the prosecutor] that if the discovery wasn't available, then, you know, I'm not going to push for the hearing because I would like to have the discovery first."

include any information about the possible endangerment of the informant in the affidavit submitted in support of his original motion to continue and in his motion to reconsider. The judge denied the Commonwealth's motion to reconsider. In a memorandum of decision, he found the reason offered by the prosecutor for further continuance (the present inability to finish discovery desired by defense counsel) to be a pretext designed to postpone the hearing on the motions to suppress.[9] A single justice of the Supreme Judicial Court granted the Commonwealth's application to appeal from the order of suppression. See G. L. c. 278, § 28E; Mass.R.Crim.P. 15(a)(2), as appearing in 422 Mass. 1501 (1996).

*Analysis.* The Commonwealth contends that the judge abused his discretion by allowing the defendants' motion to suppress without a hearing because the allowance was tantamount to a dismissal of the Commonwealth's case with prejudice.

Rule 10 of the Massachusetts Rules of Criminal Procedure, 378 Mass. 861 (1979), governs continuances. Pursuant to rule 10(a)(1), "a continuance shall be granted only when based upon cause and only when necessary to insure that the interests of justice are served." Rule 10(a)(2) requires a judge to weigh

---

[9]The judge concluded as follows:

"The proffered reason for the need for the continuance, the failure to provide discovery, was unpersuasive. The parties had agreed on September 7, 2007 that discovery be provided by October 18, 2007, two days *after* the agreed upon evidentiary hearing date. Underscoring the lack of critical need for the discovery materials prior to the evidentiary hearing were counsel[']s representations that they were prepared to proceed without it. In essence the prosecutor sought a continuance for his failure to provide discovery defense counsel did not need. In my view the prosecutor's failure to summons the officers necessary for the hearing was tantamount to an intentional unilateral decision to continue the hearings on the motions to suppress. Stated otherwise, he was purposefully unprepared to proceed.

"Mass. R. Crim. P[.] 10 provides that when a case has been entered upon a trial calendar, a continuance shall be granted only upon cause and only when necessary to ensure that the interests of justice are served. The decision whether to grant a motion to continue lies in the sound discretion of the Court. *Commonwealth* v. *Super*, 431 Mass. 492, 496 (2000). The Court realizes that its discretion is not unfettered but bounded by important considerations. *Commonwealth* v. *Clegg*, 61 Mass. App. Ct. 197, 200 (2004). Clearly there are often valid reasons for a continuance. However this was not one."

several factors for determination of a continuance. These include, but are not limited to,

> "(A) Whether the failure to grant a continuance in the proceeding would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice.

> "(B) Whether the case taken as a whole is so unusual or so complex, because of the number of defendants or the nature of the prosecution or otherwise, that it is unreasonable to expect adequate preparation of the case at the time it is scheduled for trial.

> "(C) Whether the overall caseload of defense counsel routinely prohibits his making scheduled appearances, whether there has been a failure of diligent preparation by a party, and whether there has been a failure by a party to use due diligence to obtain available witnesses."

Mass.R.Crim.P. 10(a)(2)(A)-(C).

The judge based his ruling principally on the third factor. He found that "[t]he proffered reason for the need for the continuance, the failure to provide discovery, was unpersuasive." The parties had agreed in September that discovery would be provided by October 18, 2007, two days after the suppression hearing scheduled originally for October 16. Since the parties had scheduled the suppression hearing prior to discovery compliance, the judge inferred that discovery was not essential to the hearing. In further support of that determination, he noted the readiness of the defense attorneys to proceed without the pending discovery. Thus, "the prosecutor sought a continuance for his failure to provide discovery defense counsel did not need." That failure "was tantamount to an intentional unilateral decision to continue the hearings on the motions to suppress. Stated otherwise, he was purposefully unprepared to proceed." Accordingly, the judge concluded that the Commonwealth's reason for a continuance was invalid and that "[n]o good cause necessitated this continuance."

The Commonwealth argues that the judge abused his discretion "because the resulting suppression of the evidence that was seized during a warrantless search was tantamount to a dismissal of the charges of distribution of cocaine and dismissal was not

warranted." It relies chiefly on two cases — *Commonwealth* v. *Clegg*, 61 Mass. App. Ct. 197, 200-201 (2004) (*Clegg*) (denial of the Commonwealth's request for continuance tantamount to dismissal and an abuse of discretion), and *Commonwealth* v. *Borders*, 73 Mass. App. Ct. 911, 912 (2009) (*Borders*) (denial of the Commonwealth's continuance and dismissal of its case without prejudice was an abuse of discretion). Because *Clegg* and *Borders* are factually distinct from the case at hand, neither compels the allowance of a continuance here or renders its denial abusive of discretion.

In *Clegg*, the Commonwealth had subpoenaed a police officer who received notice of the hearing yet failed to appear at a suppression hearing for "personal reasons." 61 Mass. App. Ct. at 199. The trial judge, however, denied the Commonwealth's request for a continuance because there was no "valid exigent or emergency reason" that prevented the police witness from testifying. *Ibid.* On appeal, the court concluded that the judge had abused his discretion because the Commonwealth had subpoenaed the officer; because the officer's testimony, as sole witness, was indispensable; and because the judge had lacked any factual basis for his implicit conclusion that the officer's absence lacked good cause.[10] *Id.* at 201. In *Borders*, the Commonwealth requested a continuance because two necessary witnesses were unavailable for trial. 73 Mass. App. Ct. at 911. Defense counsel requested dismissal of the case because the court had previously granted multiple continuances for discovery compliance in addition to a continuance of the suppression hearing to accommodate one of the absentee witnesses. *Ibid.* The trial judge dismissed the case with prejudice solely because it was the "oldest case" on the court's docket. *Id.* at 911-912. This court vacated the dismissal and remanded the case since the judge's frustration with the case's age was an inadequate justification for dismissal. *Id.* at 913.

Absent from either *Borders* or *Clegg* is any instance of the Commonwealth's "failure . . . to use due diligence to obtain available witnesses." Mass.R.Crim.P. 10(a)(2)(C). In both cases,

---

[10]Notably, the defendant in *Clegg* failed to submit an affidavit with his motion to suppress. 61 Mass. App. Ct. at 199. Accordingly, this court deemed the trial judge's allowance of that motion error, since the defendant had failed to satisfy his initial burden on the suppression motion. *Id.* at 203-204.

the Commonwealth properly attempted to secure its witnesses for the scheduled court dates, and the failure of the witnesses to appear as scheduled lay beyond its fault. In contrast, here the prosecutor simply chose not to call his witnesses for the hearing. He did so because he believed that he would receive a requested continuance, since both defense counsel had stated they would not oppose his request and had expressed a preference for the outstanding discovery. The prosecutor's assumption embodied risky judgment. Rule 10 does not permit continuances merely because the parties are in agreement: "[c]onsensual continuances and continuances which are helpful, but which fall short of being necessary, are not to be granted, because in such cases justice is generally promoted by proceeding to trial without delay and because the need for the prompt disposition of criminal cases transcends the desires of the immediate participants in the proceedings." Reporters' Notes to Rule 10(a), Mass. Ann. Laws Court Rules, Rules of Criminal Procedure at 1085 (LexisNexis 2009-2010) (Reporters' Notes).

In determining whether to grant a continuance, judges are to be guided by the "controlling principle . . . that a continuance should be granted only when justice requires." *Ibid.* "Generally, '[t]he decision whether to grant a motion to continue lies within the sound discretion of the trial judge . . . [and a] denial of a continuance will not constitute error absent an abuse of that discretion.' " *Commonwealth* v. *Super*, 431 Mass. 492, 496 (2000), quoting from *Commonwealth* v. *Miles*, 420 Mass. 67, 85 (1995). Furthermore, "[i]n considering a request for a continuance, a trial judge should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted." *Commonwealth* v. *Super*, *supra* at 496-497, quoting from *Commonwealth* v. *Gilchrest*, 364 Mass. 272, 276 (1973).

The trial judge determined that the prosecutor had failed to exercise due diligence to produce his witnesses for the scheduled suppression hearing. The prosecutor's reason for failing to do so, the judge concluded, did not constitute just cause for a continuance under Mass.R.Crim.P. 10. The prosecutor's stated justification was neither the Commonwealth's need for further preparation nor the failure of its witnesses to appear as required. Rather, the only stated reason for the continuance was the need

for additional time to furnish discovery owed by the Commonwealth to the defendants. The defendants, however, did not need the outstanding discovery and were fully prepared to proceed to the suppression hearing. In these circumstances, the judge need not have balanced the movant's need for additional time against the possible inconvenience, increased costs, and prejudice suffered by the defendants, because the Commonwealth had failed to assert any such need of its own. Accordingly, we cannot say that the judge abused his discretion. Cf. Reporters' Notes, *supra*, citing *Commonwealth* v. *Jackson*, 376 Mass. 790, 792-794 (1978) ("[W]here there is ample justification for the conclusion that a last-minute claim of lack of preparation is merely dilatory, is unsupported by the facts, or is the result of a failure of diligent preparation, a denial of a continuance is no abuse of discretion").

*Conclusion.* The judge's disposition may have been severe but it was not abusive of discretion. It came after a series of postponements, applied the criteria of a standing rule, and rested upon the essential authority of the court to manage the schedule of its criminal sessions.[11] He was uniquely positioned to assess the credibility and motives of counsel appearing in his session.[12] We affirm his orders denying the Commonwealth's motion to continue and allowing the defendants' motion to suppress.

> *Order allowing motion to*
> *suppress affirmed.*

---

[11]The judge viewed the prosecutor's position as "an intentional unilateral decision to continue the hearings" further.

[12]The lesson of this case may well be that counsel, bearing heavy workloads or personal burdens under difficult deadlines, level with the session judge and clerk at the earliest possible time and request realistic accommodations. Judges are familiar with those problems. The wrong approach is the request for a continuance upon suspect grounds at a late date by which the court has reliantly set its schedule.