NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12233

RAYMOND WHITE  vs.  COMMONWEALTH.


April 23, 2018.


Supreme Judicial Court, Superintendence of inferior courts.  Practice, Criminal, Appeal, Capital case.  Constitutional Law, Appeal.


In 1972, Raymond White and a codefendant, James Hall, were each convicted of two counts of murder in the first degree and one count of armed robbery.  This court affirmed Hall's convictions after his direct appeal.  See Commonwealth v. Hall, 369 Mass. 715 (1976).  White's direct appeal was never properly perfected, however, although he did at various times make efforts toward that end, sometimes pro se and sometimes represented by counsel.  Among other things, his counsel filed a petition with a single justice of this court for late filing of an assignment of errors and late entry of the appeal in October, 1974, which was allowed.  But it appears that the appeal was never actually entered, and that no further action was taken to prosecute the appeal for an additional eighteen years when, in October, 1992, White, through new counsel, filed a motion in the county court seeking an order directing the Superior Court clerk to transmit the record to this court so that he could pursue his direct appeal.  The Commonwealth opposed the motion, which a single justice ultimately denied after a hearing, in 1994.

Then, in July, 2014, White filed, again with a single justice, a pro se motion for leave to file a late notice of appeal, and, in September, 2014, a pro se petition pursuant to G. L. c. 211, § 3, to reinstate his direct appeal.  Counsel was appointed to represent White on these matters, and, after further proceedings and a hearing, the single justice eventually allowed White's petition to reinstate his direct appeal in

December, 2016.  She also allowed his motions to file a late notice of appeal and to appoint appellate counsel for purposes of the reinstated direct appeal.  Finally, she ordered the Superior Court to assemble the record from the underlying prosecution and to make it available to this court for determination of the reinstated appeal.

The Commonwealth now appeals from the judgment of the single justice reinstating the direct appeal and from her related orders.  We reverse.

We agree with the basic premise of the single justice's decision, i.e., that if the defendant was deprived of his right to pursue a direct appeal as a result of the ineffective assistance of his trial or appellate counsel in failing to preserve and perfect that right, then he is entitled to a remedy.  See Commonwealth v. Frank, 425 Mass. 182 (1997); Commonwealth v. Cowie, 404 Mass. 119 (1989); Commonwealth v. George, 404 Mass. 1002 (1989).  See also Evitts v. Lucey, 469 U.S. 387 (1985).  We disagree with the single justice, however, as to her choice of the appropriate remedy in these circumstances.  The single justice was of the view that reinstating the direct appeal -- such that the issues would be considered in the first instance by this court pursuant to G. L. c. 278, § 33E -- was the best course.  We agree with the Commonwealth that White has a constitutionally adequate alternative that better fits these circumstances.  Specifically, he can file a motion for a new trial in the Superior Court pursuant to Mass. R. Crim. P. 30 (b), as appearing in 435 Mass. 1501 (2001), have his issues considered on the substantive merits in that context, and appeal to this court in the event his motion is denied.[1]

---

[1] We also agree with the Commonwealth that the single justice's reinstatement of the direct appeal is at odds with the earlier order of a different single justice, in 1994, denying White's request to have the trial court record assembled and transmitted to this court.  The single justice here was of the view that the earlier order merely denied a request for the transmittal of the record, and did not necessarily deny an actual reinstatement of the direct appeal.  We think that is too narrow a reading of the earlier order.  We think it was implicit at the very least, if not explicit, in the earlier order that the single justice at that time was denying reinstatement of a direct appeal.

In _Cowie_, 404 Mass. at 121, we considered whether a motion for a new trial pursuant to rule 30 (b) is a constitutionally adequate substitute for the right to a direct appeal that has been lost.  We held that it is.  That case involved a defendant who had been convicted of armed assault with intent to kill and assault and battery by means of a dangerous weapon.  _Id_. at 120.  The defendant allegedly lost his right to a direct appeal due to the ineffective assistance of his trial counsel, who failed to file a timely notice of appeal.  _Id_. at 121.  We held:

> "[P]ostconviction attack on [a] judgment through a motion under rule 30 (b) fully accords with due process as a remedy for the defendant's frustrated right of appeal. Rule 30 (b) does not contain a time limitation, but its application permits examination of the claimed errors to determine whether the defendant was deprived of any constitutionally protected rights by his failure to appeal. If the judge denies the motion for a new trial, then the defendant may appeal that denial and thus obtain appellate review of any issue that would have afforded the defendant relief had his appeal been timely filed.  Limiting a defendant to the postconviction remedy contained in rule 30 (b), coupled with the right of appellate review of an adverse ruling thereon, does not violate the defendant's due process rights."  (Footnote omitted.)

_Id_. at 122-123, and cases cited.

Although the _Cowie_ case did not involve a conviction of murder in the first degree, the same general reasoning applies here.  The fact that this is a case involving murder in the first degree murder and that White, had his right to a direct appeal not been lost, would have been entitled to plenary review pursuant to G. L. c. 278, § 33E, does, however, require us to add certain protections to ensure that this procedure affords him a truly adequate substitute for a direct appeal.  We describe those additional protections in greater detail below.

In _Frank_, 425 Mass. at 184-185, we again considered the options for a defendant who lost his right to a direct appeal as a result of the ineffective assistance of counsel.  The appeal in that case had been timely noticed and entered in the appellate court, but it was dismissed for failure to prosecute after the defendant's appellate counsel failed to file a brief. _Id_. at 183.  After the appeal had been dismissed, the defendant filed a motion for a new trial in the trial court, pursuant to rule 30 (b), as prescribed by the _Cowie_ decision.  He filed the

motion without the benefit of counsel, and specifically requested that counsel be appointed for him.  Id. at 182.  The trial judge summarily denied the motion without appointing counsel.  Id.  The case was before us on the defendant's appeal from the denial of his motion for a new trial.  The court was thus faced with the question of how to proceed in those particular circumstances.

The defendant in the Frank case clearly did not receive an adequate substitute for his lost direct appeal, as envisioned by the Cowie decision, because he was not afforded counsel to represent him on his motion for a new trial, whereas, on a direct appeal, he would have had an indisputable constitutional right to counsel.  We ordered that new counsel be appointed for him, and we gave him two choices.  We stated that the defendant "may wish to press his claims by prosecuting the appeal . . . or by a motion for a new trial if his claims might better be developed in such a setting, or both."  Frank, 425 Mass. at 185.  The Frank case does not stand for the proposition that a defendant will always have the option of proceeding with a reinstated direct appeal.  It is simply an illustration of one circumstance where the reinstatement of a direct appeal would be appropriate.  The period of time between the defendant's lost appeal and our decision in that case was relatively short -- three years; the claim of ineffective assistance of counsel resulting in the loss of his direct appeal was "credible" and "unrebutted," the Commonwealth itself having described his counsel's neglect as "indefensible"; and the defendant had already attempted to pursue a remedial motion for a new trial but had been rebuffed.  Id. at 182-183.

Here, by contrast, the length of time that has passed since White's trial (and the loss of his right to a direct appeal) is much longer -- forty-five years.  Moreover, it has not yet been definitively adjudicated that White's loss of his direct appeal was in fact due to any ineffective assistance of his counsel.[2]

_____

[2] Compare Commonwealth v. Frank, 425 Mass. 182, 182-183 & 185 n.2 (1997) (Commonwealth agreed that counsel's neglect was "indefensible," and claim of ineffectiveness was "unrebutted"; defendant was allowed to proceed with reinstated direct appeal, while noting that result would have been different had loss of appellate rights been result of defendant's deliberate and counseled choice), with Commonwealth v. Cowie, 404 Mass. 119, 122 n.7 (1989) (Commonwealth did not stipulate that counsel's actions constituted ineffective assistance; defendant required to proceed with motion for new trial in first instance, which

And finally, White has not yet attempted to rectify the situation through a motion for a new trial.  The better course in these circumstances is for White to proceed in the first instance by a motion for a new trial in the trial court.  This approach has several advantages over a reinstated direct appeal in the first instance.  First, it will allow for a full development of the factual record as to any claims that White wishes to pursue, including his claim that the loss of his right to an appeal was due to the ineffective assistance of counsel.  Second, it will permit the trial court judge to make a definitive ruling on the ineffectiveness claim.  Third, it will permit the parties and the judge to hone legal issues that are now more than forty-five years old.  Finally, it will permit the parties to litigate in the trial court in the first instance the questions that may arise as to what law will apply where the relevant law may have changed since the time of White's convictions.[3]

Requiring White to proceed in this fashion, rather than simply reinstating his direct appeal, will not violate his rights or prejudice him in any way provided we impose certain protections for his benefit.  First, assuming the trial court judge determines that the lost direct appeal was in fact a consequence of ineffective assistance of counsel -- and not a choice by White -- White must be permitted to raise all claims that he could have raised in a direct appeal, and the judge will be required to consider each of his claims on the substantive merits, just as we would have done in a direct appeal pursuant to G. L. c. 278, § 33E.  Second, if the motion for a new trial is denied, White must have an unfettered right to appeal from

---

would permit that issue, among others, to be fleshed out).  While there is some suggestion in the record of this case that the loss of White's direct appeal was the result of ineffectiveness of his counsel, we do not think that point has been sufficiently resolved to be definite.  The motion for a new trial will permit the issue to be fleshed out.

[3] We recognize, as did the single justice, that allowing a late appeal many years after a conviction, particularly a conviction of murder, is not unprecedented.  See Commonwealth v. Beauchamp, 424 Mass. 682, 683 (1997) (defendant convicted of murder in 1971 successfully petitioned single justice of this court for leave to file late appeal twenty-five years later, in 1996).  For the reasons we have explained, however, it is not the best course in the circumstances we have here.

that ruling; he will not be required to obtain leave to appeal from a single justice under the gatekeeper provision (i.e., the last sentence) of G. L. c. 278, § 33E. That provision applies only to motions that are filed "in the superior court after rescript" (emphasis added).[4] G. L. c. 278, § 33E. Therefore, in order to appeal, he will not be required to show that his issues are "new and substantial" as the statute requires, or even that the issues are meritorious in any way. See Frank, 425 Mass. at 184. See also Commonwealth v. Goewey, 452 Mass. 399, 401-405 (2008); Commonwealth v. Alvarez, 69 Mass. App. Ct. 438, 443 (2007) (defendant who loses right to direct appeal due to ineffectiveness not "required to establish any colorable appellate issue as a prerequisite to recovering his lost appellate rights"). Third, if there is an appeal, it should come directly to this court, as a direct appeal following the conviction would have, and "the standard of review [will not be] the more stringent one that applies 'once the [appellate] process has run its course.'" Frank, supra at 185, quoting Commonwealth v. Amirault, 424 Mass. 618, 637 (1997). See Commonwealth v. Beauchamp, 424 Mass. 682, 685-686 (1997). Finally, the defendant will at that time receive the benefit of our plenary review of the case, pursuant to G. L. c. 278, § 33E, just as he would have on a direct appeal. These conditions assure that the process we are prescribing will indeed be the functional equivalent of, and a constitutionally permissible substitute for, his lost right to a direct appeal.

We therefore reverse the judgment of the single justice. A judgment shall enter in the county court denying White's G. L. c. 211, § 3, petition and the related motions. White is then free to proceed in the Superior Court with a motion for a new trial pursuant to Mass. R. Crim. P. 30 (b) on the terms and conditions we have stated.

So ordered.

Kathryn E. Leary, Assistant District Attorney, for the Commonwealth.

Richard L. Goldman for the petitioner.

---

[4] The "rescript" referred to in the statute is the disposition of a capital defendant's direct appeal by this court. See Mass. R. A. P. 1 (c), as amended, 454 Mass. 1601 (2009) (defining "rescript" as "the order, direction, or mandate of the appellate court disposing of the appeal"). Because White has not yet had a direct appeal, there has, of course, never been any rescript.