NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-423

COMMONWEALTH

vs.

HEATHER A. GROTHE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from an order of a District Court judge dismissing, with prejudice, a criminal complaint charging the defendant with assault and battery on a child causing injury and permitting injury to a child, both in violation of G. L. c. 265, § 13J (b).  The complaint, which issued on April 28, 2021, arose from an accusation by the father of the child that the defendant and her boyfriend abused the child by hitting him and burning him with a lit cigarette.[1]

_____

[1] A physician assistant also told police that the child stated that the defendant inserted a strand of her hair into his penis.

Trial was scheduled for January 19, 2022, but, on that date, the matter was continued until March 21.[2]  The Commonwealth answered not ready for trial on March 21, however, and, at its request and over the defendant's "strong objection," the matter was continued to April 11.  The docket was marked "NFC," meaning that no further continuances would be allowed.  On April 11, the Commonwealth stated that it would be ready for trial, as the child's father had gone to pick up the six year old from school.  The Commonwealth later admitted, however, that it could not proceed because, after speaking with the child, it determined that he was not capable of testifying as a witness at that time.[3, 4]  The Commonwealth requested a further continuance to investigate alternative ways to go forward with the case, such as proceeding without the child as a witness.  After some discussion on the matter, the defendant moved for dismissal with prejudice, and the judge allowed the motion.  The Commonwealth now appeals, arguing that the judge exceeded his authority in

---

[2] The docket is unclear as to why the trial was continued on January 19.  The Commonwealth suggests that the continuance was requested by the defendant, while the defendant proposes that the delay was because of the COVID-19 pandemic.  The cause of the continuance does not bear on our decision.

[3] The Commonwealth stated that "[the child's] attention was elsewhere" and that "he was also very concerned [about] the location" of the defendant.

[4] The Commonwealth had only spoken to the child for the first time that day.

dismissing the charges with prejudice because there was no showing of "irremediable harm." We agree and reverse so much of the order as specified that the dismissal was with prejudice and remand the matter to the District Court for entry of a disposition consistent with this memorandum and order.

Discussion. "Generally, 'where a prosecutor is unprepared to present her case due to the unexpected absence of a witness, a judge has discretion to dismiss the case without prejudice.'" Commonwealth v. Graham, 480 Mass. 516, 536 (2018), quoting Commonwealth v. Lucero, 450 Mass. 1032, 1033 (2008). However, "a court's inherent authority to dismiss an indictment with prejudice may be exercised only where there is either a 'showing of irremediable harm to the defendant's opportunity to obtain a fair trial' or 'prosecutorial misconduct that is egregious, deliberate, and intentional, or that results in a violation of constitutional rights.'" Commonwealth v. Rosa, 491 Mass. 369, 373 (2023), quoting Bridgeman v. District Attorney for the Suffolk Dist., 476 Mass. 298, 316 (2017). "In the context of criminal prosecutions, the executive power affords prosecutors wide discretion in deciding whether to prosecute a particular defendant, and that discretion is exclusive to them." Commonwealth v. Borders, 73 Mass. App. Ct. 911, 912 (2009), quoting Commonwealth v. Cheney, 440 Mass. 568, 574 (2003). Accordingly, "dismissal with prejudice 'is a remedy of last

3

resort.'" Bridgeman, 476 Mass. at 316, quoting Commonwealth v. Cronk, 396 Mass. 194, 198 (1985). See Commonwealth v. Mason, 453 Mass. 873, 877 (2009) (dismissal "precludes a public trial" [citation omitted]).

As the judge's reasoning focused on the question of irremediable harm, we turn first to consider whether sufficient harm existed to support dismissal of the complaint with prejudice and conclude that it did not. See Borders, 73 Mass. App. Ct. at 913 (lack of record support for order of dismissal permitted review of order despite absence of formal findings). In dismissing the case, the judge stated that "[t]he passage of time, in my experience, does not necessarily improve the ability of witnesses to remember events in the past . . . . [T]hat fact is a real element of the prejudice to the [d]efendant if the case is revived at some later time." That said, degradation of the witness's memory was not enough to support dismissal of the charges with prejudice. The Legislature has addressed that concern by setting forth a six-year statute of limitations for the crimes with which the defendant was charged, see G. L. c. 277, § 63, and a judge may not shorten that period through exercise of the authority to dismiss a case with prejudice.[5] See

_____

[5] The defendant also argued, below and before this court, that the harm suffered by the defendant in the course of a parallel civil case was enough to sustain the dismissal of the charges with prejudice. That assertion is misguided, however,

4

Commonwealth v. McLaughlin, 431 Mass. 241, 250 (2000) ("The appropriate statute of limitations is a matter for the Legislature").

We are further unconvinced that prosecutorial misconduct could be said to support dismissal of the charges with prejudice. The defendant asserts that the prosecutor's failure to prepare -- or indeed, even interview -- the child before trial was so negligent as to self-evidently rise to the level of "egregious, deliberate, and intentional" misconduct. Rosa, 491 Mass. at 373. We are not persuaded. Although it is plainly clear that the conduct of the Commonwealth in this respect missed the mark, we discern nothing in the record to support the conclusion that the government's failure to speak with the child prior to trial was deliberate or intentional.[6] See Commonwealth

---

as the "[p]rejudice required for dismissal focuses on the subsequent trial and the interference with procedural rights therein." Mason, 453 Mass. at 877. See Borders, 73 Mass. App. Ct. at 912 (dismissal with prejudice not supported in absence of finding that, inter alia, defendant's right to fair trial would be affected). The defendant rightly conceded at oral argument that there is no legal authority supporting the proposition that, in the context of a criminal case, prejudice can be defined by what occurs in a related civil proceeding.

[6] Moreover, prosecutorial misconduct alone is almost never enough to support the dismissal of criminal charges. See Mason, 453 Mass. at 877 ("Although our cases have suggested that nonprejudicial but egregious prosecutorial misconduct might in some circumstances warrant dismissal of criminal charges, we have never dismissed charges in such circumstances in the absence of prejudice" [citation omitted]).

5

v. Clegg, 61 Mass. App. Ct. 197, 202 (2004) ("Such a sanction should be reserved for hard core transgressions, not a situation such as this where there is no basis for concluding that the Commonwealth was not acting in good faith or that the delay was other than unintentional" [quotation and citation omitted]).

For the foregoing reasons, we reverse so much of the order of dismissal as specified that the dismissal was with prejudice and remand the matter to the District Court for entry of a disposition consistent with this memorandum and order.

So ordered.

By the Court (Meade, Blake & Desmond, JJ.[7]),

Clerk

Entered: September 17, 2024.

---

[7] The panelists are listed in order of seniority.

6