NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-382
25-P-385

COMMONWEALTH

vs.

MESSIAH STANLEY SPROWS-WATSON (and a companion case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The Commonwealth appeals from a District Court judge's order denying the Commonwealth's motion for a continuance and subsequent order allowing the defendants' motions to dismiss the charges against the defendants without prejudice.  Concluding that the judge acted within her discretion in denying the Commonwealth's motion for a continuance, we affirm.

1.  Background.  On July 15, 2022, the defendants, Jose Pedro Cardoso-Barbosa (Cardoso) and Messiah Stanley Sprows-Watson (Sprows), were arrested by a State trooper in Brockton following an automobile stop.  Cardoso, the vehicle's driver,

---

[1] Commonwealth vs. Jose Pedro Cardoso-Barbosa.

was charged with possession with intent to distribute a class D substance under G. L. c. 94C, § 32C (a) and a number of civil infractions.[2]  Sprows, a front seat passenger in the vehicle, was separately charged with carrying a firearm in violation of G. L. c. 269, § 10 (a); possession of a firearm without a firearm identification (FID) card in violation of G. L. c. 269, § 10 (h); and possession of ammunition without an FID card in violation of G. L. c. 269, § 10 (h) (1).

On December 30, 2022, both Cardoso and Sprowls filed motions seeking discovery of the arresting trooper's patterns of traffic stops and enforcement pursuant to Commonwealth v. Long, 485 Mass. 711 (2020).  The motions were allowed on January 6, 2023.

While separate dockets were maintained, after May 1, 2023, Cardoso's and Sprows's cases were conducted jointly.  On April 25, 2023, Sprows's attorney filed a motion to compel the previously sought Long discovery and the judge allowed the motion at the May 1, 2023 hearing.[3]  On June 6, 2023, Sprows filed an ex-parte motion for funds for a statistician, which was

_____

[2] The civil infractions were obstruction of a window under G. L. c. 90, § 9D; a crosswalk violation under G. L. c. 89, § 11; and failure to signal under G. L. c. 90, § 14B.

[3] The Commonwealth did not object, but it requested forty-five days to comply; the judge granted the Commonwealth thirty days to comply.

allowed.  On August 14, 2023, Sprows filed another motion to compel discovery, and at a hearing on the same date, Sprows's counsel noted that she was still waiting for discovery related to the "gun file" and that the defense was working with a ballistician in order to prepare a Long motion to suppress.  The motion was allowed.

On November 17, 2023, Sprows filed a motion to suppress the items seized as a result of the trooper's search of the vehicle arguing that "'the circumstances of the traffic stop . . . support[ed] a reasonable inference that the decision to make the stop was motivated . . . by race' in violation of the Equal Protection Clauses of the State and Federal Constitution[s]," and citing Long, 48 Mass. at 724.  The motion was not accompanied by a memorandum of law or expert report; Sprows sought additional time to file those documents, stating that his expert was still reviewing the data.  A hearing on the motion was scheduled for January 26, 2024.

On January 23, 2024, Sprows filed a memorandum of law in support of his motion to suppress.  The memorandum contained an expert analysis of the racial and ethnic identities of the individuals cited or recorded by the trooper in police reports to determine whether he was more likely than his peers to stop

Black drivers.[4]  On January 25, 2024, the Commonwealth filed a motion to continue the suppression hearing.  Initially the judge denied the Commonwealth's motion without a hearing, finding "no good cause . . . for the instant request," but, upon hearing the Commonwealth's arguments as to the time needed "to prepare, respond and analyze [the report]," the judge allowed the Commonwealth's motion and scheduled the suppression hearing for March 15, 2024, a date requested by the Commonwealth and agreed to by defense counsel.  At the close of the hearing, the judge warned both counsel that:  "[on] March 15th [2024], there is going to be a hearing if parties are ready, and if the parties aren't ready, there's going to be some consequences."

On March 11, 2024, the Commonwealth filed three motions: (1) a motion to convert the suppression hearing to a hearing on discovery, which the judge denied; (2) a motion requesting disclosure of the defendants' expert's curriculum vitae pursuant to Mass. R. Crim. P. 14, as appearing in 495 Mass. 1501 (2024), which the judge allowed in part; and (3) a motion requesting a "Daubert-Lanigan hearing," which the judge denied.  On March 14, 2024, the Commonwealth filed a motion for a continuance.  In an affidavit dated March 11, 2024, filed in support of the motion

_____

[4] Cardoso had filed a motion to join Sprows's motion to suppress on January 17, 2024, which was allowed.

for discovery, the Commonwealth stated that it had "begun efforts to obtain its own expert."

At the hearing on March 15, 2024, the Commonwealth, arguing for a continuance, stated that it had retained an expert whose work was "not complete."  The defendants objected to a continuance, arguing that the case was "very old" and that their expert, who was present at the hearing, would be unavailable until "after the summer."  After hearing from all parties, the judge made the following findings on the Commonwealth's motion to continue:

> "On December 30[, 2022], the defendant filed a motion for discovery pursuant to [Long].  So, the Commonwealth's been on notice about this issue since December 30 of 2022.

> "Motion to compel discovery was filed on April 25[, 2023]. That was allowed [May 1, 2023].  Again, that motion to compel was to compel discovery related to the Long related issues in this case.

> "The defendant filed a motion on [May 3, 2023] regarding a motion for police misconduct, which motion was allowed on August 14[, 2023].

> "The defendant filed . . . [an] ex parte motion for funds . . . ,[5] which was ultimately allowed, and I highlight that because that motion which is public, available in the docket, explained exactly what the defendant was attempting to do related to the Long issues in this case.

> "This motion was scheduled for hearing . . . back in January.  The Commonwealth moved to continue it at that time.  This Court denied it, but then reconsidered that decision and allowed it to today's date.

---

[5] As previously noted, Sprows's ex parte motion for funds for a statistician was filed and allowed on June 6, 2023.

"The Commonwealth's motion is denied for all of those reasons, as well as the reasons highlighted by . . . [defense counsel].  This motion is proceeding today."

Following the judge's findings, the Commonwealth stated that it was "not prepared to answer ready on . . . [the] motion [to suppress] today."  In response, the judge allowed the defendants' motions to dismiss the charges for lack of prosecution without prejudice.  The Commonwealth appeals.

2.  Motion to continue and dismissal of charges without prejudice.  We review the judge's denial of the motion to continue, and her subsequent dismissal of the charges for failure to prosecute, for an abuse of discretion.  See Commonwealth v. Super, 431 Mass. 492, 496 (2000).  "[A] judge's discretionary decision constitutes an abuse of discretion where we conclude the judge made 'a clear error of judgment in weighing' the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (citation omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

"When a party requests a continuance, the '[motion] judge should balance the movant's need for additional time against the possible inconvenience, increased costs, and prejudice which may be incurred by the opposing party if the motion is granted'" (citation omitted).  Commonwealth v. Pimental, 99 Mass. App. Ct.

6

597, 599-600 (2021).  The judge may consider "whether the failure to grant a continuance in the proceeding would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice."  Id. at 600, quoting Mass. R. Crim. P. 10 (a) (2), 378 Mass. 861 (1979).

The Commonwealth argues that the motion judge failed to consider any of the relevant factors in denying the Commonwealth's motion for a continuance.  In particular, the Commonwealth contends that its need for additional time was "eminently clear and reasonable" given that the defendants' expert did not produce her analysis for several months after receiving the necessary data, while the Commonwealth was left with under two months to respond.  Based on the course of the proceedings leading up to the judge's decision, and the judge's findings and conclusion on March 15, 2024, we disagree.

To begin, we find relevant that despite receiving the defendants' motions to suppress and expert's report no later than January 23rd,[6] the Commonwealth waited until March 11 -- four days before the motion to suppress hearing -- to request a continuance and discovery.  See Commonwealth v. Burston, 77 Mass. App. Ct. 411, 418 n.12 (2010) (imploring counsel to

_____

[6] The docket reflects that the memorandum of support for the defendants' motions to suppress, and the accompanying expert report, were filed on January 23, 2024.

"level" with judge "at the earliest possible time . . . [to] request realistic accommodations" instead of requesting continuance "at a late date by which the court has reliantly set its schedule").  This delayed request came after the January 26, 2024 hearing where the Commonwealth, having reviewed the motion and memorandum (which included the expert's report) suggested that the suppression hearing be scheduled on March 15.  As noted above, the judge closed the January 26 hearing by warning that there would be "some consequences" if the parties were not prepared for the hearing on March 15.  Yet, as reflected in the prosecutor's affidavit in support of the motion for discovery, as of March 11, the Commonwealth was still in the process of retaining its own expert to evaluate the defense expert's report.  Thus, we discern no abuse of discretion where the Commonwealth, aware of the judge's expectations for the March 15 hearing, waited until shortly before the hearing date to request additional time based on review of the defense expert's methodology that it received in January.

Moreover, based on the record, we conclude that the judge adequately balanced the Commonwealth's need for additional time against the inconvenience, cost, and prejudice that the defendants may have incurred if a continuance had been granted. At the March 15 hearing, Sprows's counsel noted that their

expert, who was present at the hearing, was not going to be available until "after the summer."  Thus, knowing that granting a continuance would cause an additional six-month delay in the proceedings, the judge acted within her discretion in denying the motion for a continuance.

Accordingly, we affirm the judge's orders denying the Commonwealth's motion for a continuance and dismissing the complaints without prejudice.[7]

Orders denying motion to
  continue affirmed.

Orders dismissing complaints
  without prejudice affirmed.

By the Court (Shin, Walsh &
  Allen, JJ.[8]),

*Paul Little*

Clerk

Entered:  March 9, 2026.

---

[7] We note that because the judge allowed the defendants' motions to dismiss without prejudice, the Commonwealth may have the ability to file new complaints.  Contrast Pimental, 99 Mass. App. Ct. at 601 (judge abused discretion by taking "drastic step" of denying Commonwealth's motion to continue and allowing defendant's motion to suppress -- tantamount to a "dismissal with prejudice").

[8] The panelists are listed in order of seniority.